Young *v.* Boles.

Opinion delivered November 8, 1909.

1. Appeal and error—when appeal dismissed.—Where, in an election contest for the office of State Senator, the circuit court directed a re-count of the ballots, and pending an appeal from such order to the Supreme Court the contestee was declared by the State Senate to be entitled to retain his seat, there being no question of costs involved, the appeal, on motion of the appellee, should be dismissed. (Page 243.)

2. Appeal and error—unnecessary costs.—The costs of an appeal, un-necessarily taken after the subject-matter of the litigation had been settled by another tribunal should be taxed against appellants. (Page 244.)

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; appeal dismissed.

*Brizzolara & Fitzhugh, Ben Cravens* and *Oscar L. Miles,* for appellants.

*W. A. Falconer, Read & McDonough* and *Youmans & Youmans,* for appellee.

Per Curiam. Jno. H. Holland and appellee, Thomas Boles, were rival candidates at the September election, 1908, for the office of State Senator for the 28th Senatorial District, which is composed of Sebastian County. Holland received the certificate of election, and Boles instituted contest. He made demand upon the election commissioners of Sebastian County for a recount of the ballots in certain specified townships, and upon a refusal in-stituted this action in the circuit court for the Fort Smith Dis-

trict of Sebastian County, asking for a writ of peremptory mandamus compelling the appellants, Young and others, as election commissioners, to recount the ballots. Upon a hearing of the cause the court awarded a writ, directing a recount in certain of the townships named, but denied the writ as to certain other townships. Both parties noted their exceptions, and the election commissioners took an appeal to this court. They forthwith gave bond with sureties, in accordance with the provisions of the statute, to supersede the judgment. Whether or not the judgment awarding the writ of mandamus in this case was such as could be superseded by a statutory bond, and whether or not the bond was effective for that purpose, we need not now consider.

The contest of Boles against Holland progressed before the State Senate, and in January, 1909, during the early part of the session, Holland was duly declared to be entitled to retain the seat. This of course ended the contest, as the Senate was the only tribunal under the Constitution of this State competent to adjudicate that contest.

The original appeal in the case was never perfected; but on May 4, 1909, the election commissioners, Young and others, prayed an appeal and obtained it from the clerk of this court. Appellee Boles now moves the court to dismiss the appeal on the ground that the contest of Boles against Holland was settled before the appeal was taken, and that there is nothing left about which to litigate.

This court concludes that appellee's contention is a sound one, and that the appeal should be dismissed. The statutes of this State which bear upon the subject read as follows:

"Sec. 1227. Where the appeal or writ of error was improperly granted, or the appellant's right of further prosecuting the same has ceased, the appellee, in lieu of pleading, may move the court to dismiss the appeal or writ of error, the grounds of which motion shall be stated in writing, signed by the appellee or his council, and, if not appearing on the face of the record, or by a writ purporting to have been signed by the appellant and filed, shall be verified by affidavit. The motion shall not be heard or determined before the day on which the appeal or writ

of error is set for trial on the docket, unless the appellant consents thereto.

"Sec. 1228. The appellee may, by answer filed and verified by himself, or agent or attorney, plead any fact or facts which render the granting of the appeal or writ of error improper, or destroys the appellant's right of further prosecuting the same; to which answer the appellant shall file a reply, likewise verified by affidavit of himself, agent or attorney, and the questions of law or fact thereon shall be determined by the court." (Kirby's Digest).

The fact that the contest case had been settled has been properly brought to our attention by the statement of facts in the motion, and it is conceded to be true. Whether or not we would take judicial knowledge of the judgment of the State Senate we need not decide.

The purpose of the present action was to compel a recount of the ballots in aid of the contest; and, since the contest has ended, no useful purpose would be served by continuing the litigation in this court. There is nothing to litigate over.

In *Mills* v. *Green,* 159 U. S. 651, Mr. Justice Gray, speaking for the court, said: "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence." The same rule is announced in *Jones* v. *Montague,* 194 U. S. 147; *Tennessee* v. *Condon,* 189 U. S. 64; and in *Codlin* v. *Kohlhausen,* 181 U. S. 151.

Appellants are not even burdened with a judgment for costs, as none was rendered in this case. They should properly pay the cost of this appeal, for they prayed the appeal unneces-

sarily, after the subject-matter of the litigation had been fully settled.

Appeal dismissed at cost of appellants.