## Daughtery *v.* Garner.

Opinion delivered October 5, 1925.

Appeal and error—transcript not properly authenticated.—
A transcript signed by a person not authorized, either expressly
or by implication to act as deputy clerk, is not properly authenti-
cated, and will be stricken from the files.

Appeal from Sharp Chancery Court, Northern
District; *Lyman F. Reeder,* Chancellor; appeal dismissed.

*H. A. Northcutt* and *T. I. Herrn,* for appellant.

*D. L. King* and *Arthur Sullivan,* for appellee.

McCulloch, C. J.  Appellants were the defendants
in an action instituted by appellees in the chancery court
of the Northern District of Sharp County to cancel cer-
tain deeds to real estate and to remove the cloud from
the title of the lands in controversy, alleged to be owned
by appellees.  A final decree was rendered in the cause
on April 7, 1924, awarding to appellees the relief sought
in the complaint.  On September 10, 1924, appellants
prayed for and were granted by the clerk of this court
an appeal and filed a transcript of the proceedings pur-
porting to be certified under the hand of Sidney Kelley,
the circuit clerk of Sharp County.  Appellees subse-
quently filed a motion to strike that transcript from the
files of this court and dismiss the appeal on the ground
that the certificate to the transcript was not signed by
the clerk nor any of his deputies nor by any person
authorized by him to do so.  Appellants filed a response
alleging that the name of the clerk was signed to the
certificate by T. J. Davidson, who had been left in charge
of the office of the clerk by that officer, with authority
conferred orally to sign papers in his name.  The issue
raised concerning the authenticity of the clerk's signa-
ture to the transcript was referred by this court to a
master to take testimony, and that has been done, and the
testimony of the witnesses is before us for consideration
in determining whether or not the transcript was prop-
erly authenticated.

There is a conflict in the testimony as to some of the facts involved. The case was, as before stated, tried in the chancery court of the Northern District at Hardy. The courts of the Southern District are held at Evening Shade, the county seat. Sidney Kelley, the circuit clerk of Sharp County, lives at or near Evening Shade and has personal charge of the office there. He has only one deputy, his wife, Mrs. Myrtle L. Kelley, and the clerk's office at Hardy is kept by two legally appointed deputies, Gus Causey and Roy Prewitt.

Appellants were represented below, and are so represented here on the appeal, by two attorneys, Mr. Northcutt, who resides at Salem, in Fulton County, and Mr. Herrn, who resides near Evening Shade, in Sharp County. After the rendition of the decree, Mr. Northcutt caused a transcript of the proceedings to be prepared at Salem, and on or about June 25, 1924, he presented it to Mr. Kelley in person at Evening Shade for certification, and Kelley signed the certificate and delivered it to Northcutt, but that transcript has never been filed in this court. Mr. Northcutt sent it to Mr. Herrn for use in preparing a brief and the latter discovered that it contained some of the original papers instead of copies and he sent it back to Northcutt for correction. Northcutt then took the original papers out of the transcript and caused a new transcript to be prepared at Salem with copies instead of the original papers, and then sent the new transcript, retaining the old one in his possession, to Mr. Herrn at Evening Shade to have it signed by the clerk. The transcript was presented by Mr. Herrn to T. J. Davidson at the clerk's office at Evening Shade. Davidson signed the name of Kelley to the certificate. This was done in the absence of Kelley and his wife, the authorized deputy.

It is claimed on the part of appellants that Davidson, though not regularly appointed in accordance with the statute (Crawford & Moses' Digest, § 1370), was given authority orally to perform the clerk's duties during the absence of Kelley. Davidson testified that he had been

in and about the clerk's office for many years and was familiar with the duties of the office, and that Kelley, being sick a good deal of the time, had asked him to look after the office in his absence; that he told Kelley that he (witness) was one of the commissioners of accounts of Sharp County, and reminded Kelley of his disqualification to act as deputy clerk on that account, but that he would stay in the office in the absence of the clerk and look after the business there, and did so, and that he signed the certificate under presumed authority in the absence of Kelley. Kelley denied that he had ever authorized Davidson to manage the office or to sign his name to papers except in one or two instances he had orally authorized Davidson to make up and sign certain pension certificates. Kelley testified that he had two deputies at Hardy to transact the business there, and that his wife as his deputy assisted him at Evening Shade, and that no authority was ever conferred upon Davidson or any body else to act in his name. He and his wife both testified that they had refused to sign the transcript because it was not made by them or by any authorized deputy, and they had had no opportunity to compare the transcript with the original papers.

There is no pretense of regular authority conferred upon Davidson in the manner prescribed by statute, that is to say, by appointment in writing duly approved by the judge of the court.

It seems to have been the rule at common law that the appointment of a deputy to a public office might be made orally (Throop on Public Officers, § 577); but we find it unnecessary to decide whether that rule could be applied in the face of our statute, which prescribed the mode of appointment of deputies, or whether the acts of a deputy orally appointed could be upheld on the theory that he was a *de facto* officer, for the majority have reached the conclusion that the evidence is insufficient to establish the fact that Davidson received authority orally to perform the duties of the office or that the acts performed by him with the consent of the clerk were

sufficient to make him a *de facto* officer. All that the evidence establishes is that Davidson occasionally performed duties in the clerk's office, but he was not authorized, either expressly or by implication, to assume to act as deputy whenever called on to do so.

There is no indication of bad faith on the part of Davidson or the attorney who presented the transcript to him for the clerk's signature. They both doubtless assumed that the transcript had been correctly made, and that no question would arise as to Davidson's authority. But we think that the proof fails to show any actual authority conferred upon Davidson. On the contrary, the evidence shows that there were regularly appointed deputies at Hardy, and that Mrs. Kelley was deputy at Evening Shade. This case was tried at Hardy, and the papers were all there, and the transcript should have been made there and certified, even though the clerk himself or his deputy could have certified it at Evening Shade. The fact, however, that the case was from the Northern District strengthens the view that Davidson had no authority to certify the transcript. Even if he had been authorized to attend to the clerk's office and perform duties there in the absence of the clerk and his regularly appointed deputy, this did not imply any authority to discharge any duties pertaining to the other office in the Northern District.

The transcript being unauthorized, it cannot be accepted here in perfecting the appeal, and it must therefore be stricken out in accordance with the prayer of appellees, and, as the time for filing the transcript had expired before the motion to dismiss was presented, it is too late to supply a new transcript. The appeal is therefore dismissed.

Justices HART and HUMPHREYS concur in the judgment of dismissal on the grounds stated in the opinion above, and also on the ground that they have read the record presented and find that the appeal is without merit.

Justices WOOD and SMITH dissent.