STAFFORD *v.* FIRST NATIONAL BANK.

Opinion delivered January 26, 1931.

1170

*Brewer & Cracraft* and *J. C. Brookfield,* for appellant.

*Ogan & Shaver,* for appellee.

SMITH, J. The facts out of which this appeal arises are sufficiently stated in the opinion on a former appeal. *Stafford* v. *First National Bank,* 178 Ark. 997, 13 S. W. (2d) 21. Only such facts will therefore be restated as are necessary to an understanding of the legal principles which we find to be controlling on this appeal.

In the former opinion we held that an instruction, there set out, which submitted to the jury the question whether the deposit garnished was a special deposit, should have been given. Upon the remand of the cause this question was submitted in an instruction substantially conforming to the instruction which we said should have been given.

It was contended on the former appeal, as it is here, that the deposit garnished was not the individual property of the judgment defendant, but belonged to a partnership of which he was a member. The testimony was sufficient to support a finding either way on this question of fact, but we reversed the judgment on the former appeal because of the error of the court in defining a partnership. Upon the present appeal no objection is made to the definition of a partnership which the court gave.

The validity of the writ of garnishment was questioned on the former appeal, but we did not set out the testimony relative to its validity, because, as we there said, "the court did not submit that issue to the jury on his own motion, and no request was made by appellants for him to do so."

This question was submitted, however, at the trial from which this appeal comes, and arises out of the authority or lack of authority of Miss Bullock to issue the writ of garnishment. This lady appears to have been a factotum in the clerk's office, and to have been for about

two years prior to the issuance of the writ, but she had not formally been appointed a deputy, because she was under age. The circuit clerk testified, in effect, that Miss Bullock was his *alter ego;* that she was his stenographer and did his typewriting, and that she had full authority to sign his name officially and to attach the seal of his office when required, and that she had authority to issue in his name the writ of garnishment which she did issue in this case. The testimony appears to be undisputed that much of the business of the clerk's office was transacted by Miss Bullock, and that she signed the clerk's name when required. The issue as to her authority was submitted to the jury under an instruction which reads as follows: "1. If you find from the proof in this case that Miss Bullock, who issued and signed the writ of garnishment in controversy here was orally authorized by the clerk of the circuit court of Cross County to perform all the duties of his office in his absence, that this authority was given orally, and you further find that she entered into the apparent possession of the clerk's office and worked in this office for a long period of time prior to the issuance of this writ of garnishment, and you further find that during all this time she was performing the duties of the clerk, and that the general public acquiesced in this condition and situation, and it was generally understood by the public at large during this time that she was performing these services, and that the public generally accepted her services under the condition and circumstances aforesaid, then you are told that she had a right to issue this writ of garnishment."

The jury's verdict concludes this issue of fact, but the question of law remains, whether, notwithstanding these facts, the writ was void because actually issued by the hand of one not a legal deputy. We think the writ was valid.

At § 151 of Constantineau on the De Facto Doctrine it is said: "A person who enters into an office and undertakes the performance of the duties thereof by virtue

of an election or appointment is an officer *de facto,* though he was ineligible at the time he was elected or appointed, or has subsequently become disabled to hold the office. Indeed, 'it is settled by a current of authority almost unbroken for over 500 years in England and this country, that ineligibility to hold an office does not prevent the ineligible incumbent, if in possession under color of right and authority, from being an officer *de facto* with respect to his official acts, in so far as third persons are concerned.' The reason of the rule is that 'ineligibility of an officer is as difficult of ascertainment as his actual election, and sound policy requires that the public should be no more required to investigate the one than the other, before according respect to his official position.' "

Here Miss Bullock was in possession of the office under the authority of the *de jure* clerk, for whom she was acting and in his name. The clerk not only does not question her authority, but he confirms it, and we therefore hold the writ was not invalid as having been issued without authority.

The testimony shows that Miss Bullock had the authority which Davidson did not possess in the case of *Daughtery* v. *Garner,* 169 Ark. 368, 275 S. W. 706, and that case, therefore, is not contrary to the conclusion here announced. Indeed, it accords with the view here expressed, for it was there held (to quote a head-note) that "a transcript signed by a person not authorized either expressly or by implication, to act as deputy clerk, is not properly authenticated, and will be stricken from the files." Miss Bullock possessed the authority to issue the writ, and it was therefore not void.

As no error appears in the judgment, it must be affirmed, and it is so ordered.