O. D. Pendergrass v. Vada Sheid

5-4216                                                411 S. W. 2d 5

Opinion delivered February 6, 1967

*John Norman Harkey* and *Fred Livingston* and *Bill H. Walmsley,* for appellant.

No brief for appellee.

George Rose Smith, Justice. At the general election held on November 8, 1966, the appellant and the appellee were rival candidates for the office of State Representative for the Fifth District, comprising Fulton and Baxter counties. Mrs. Sheid, the Democratic nominee, was

certified as the winner by a vote of 4,542 to 4,488. Pendergrass, the Republican nominee, brought this action in the Fulton Circuit Court to contest the election. His complaint asserted that the votes of 84 specified electors should be declared illegal for various reasons, such as nonresidence, irregularities in absentee voting, and so on. This appeal is from an order dismissing the suit for want of jurisdiction.

We agree with the trial court. The Constitution provides that each house in the General Assembly "shall be sole judge of the qualifications, returns and elections of its own members." Article 5, § 11. By Act 34 of 1875 the legislature prescribed the procedure for contesting an election for State Senator or Representative. Ark. Stat. Ann. §§ 3-1213 to 3-1217 (Repl. 1956). That statute requires the contestant to give his adversary written notice of the points on which the election is to be contested. The parties then take their evidence by deposition, before the date on which the legislature is to assemble, and file it with the President of the Senate or the Speaker of the House, as the case may be. Thus the statute contemplates that the contest will be decided by the Senate or the House of Representatives, without a court proceeding of any kind.

We have repeatedly held, directly or by implication, that the judicial branch of the State government is without jurisdiction of election contests involving seats in the General Assembly. *Irby* v. *Barrett*, 204 Ark. 682, 163 S. W. 2d 512 (1942); *State ex rel. Evans* v. *Wheatley*, 197 Ark. 997, 125 S. W. 2d 101 (1939); *Parrish* v. *Nelson*, 186 Ark. 786, 55 S. W. 2d 922 (1933); *Young* v. *Boles*, 92 Ark. 242, 122 S. W. 496 (1909); see also *State ex rel. Brooks* v. *Baxter*, 28 Ark. 129 (1873). There is nothing contrary to those decisions in *Matthews* v. *Bailey*, 198 Ark. 830, 131 S. W. 2d 425 (1939), cited by the appellant. That case merely held that the vote of a person appointed to the State Senate by the governor, contrary to the express language of Amendment 29, could not be counted. There the court was compelled to make a choice between

two constitutional provisions, either of which might have been controlling. That is not the situation here.

The appellant urges us to adopt the position taken in cases such as *Odegard* v. *Olson*, 264 Minn. 439, 119 N. W. 2d 717 (1963), Rogosheske, J., concurring; *People ex rel. Brown* v. *Board of Sup'rs of Suffolk County*, 216 N. Y. 732, 110 N. E. 776 (1915); and *Wickersham* v. *State Election Board*, Okl., 357 P. 2d 421 (1960). In those cases the courts reasoned that even though each house in Congress or in the legislature is the sole judge of the 'elections of its own members, that power to speak the final word does not prevent the courts from entertaining an election contest. Such a judicial proceeding was regarded as a convenient method of taking evidence about the conduct of the election and of reaching a tentative conclusion as to the winning candidate. The appropriate legislative body would then be at liberty to accept the court's decision or to arrive at a determination of its own.

We have no quarrel with those cases, but they do not reach the problem now before us. Those decisions, if followed in Arkansas, would mean only that the General Assembly, if it chose to do so, might permit the courts to take jurisdiction of such an election contest as a means of gathering evidence to assist the Senate or the House in reaching its own conclusion. But, as we have seen, our legislature has not seen fit to adopt such a statute. Instead, its directive for almost a century has been that the contesting parties take their proof by deposition and submit it in the first instance to the appropriate branch of the General Assembly, bypassing the courts altogether.

We are not impressed by the appellant's suggestion that the necessary statutory authority for a judicial contest is to be found in § 1 of Act 15 of 1879. Ark. Stat. Ann. § 3-1210. That section merely provides that in all suits to contest the election ''of any State, district, circuit, county or township office,'' the contestant must

give a bond to insure the payment of any money judgment that he may suffer. We cannot take seriously the argument that this bare requirement of a bond was intended to confer upon the courts jurisdiction of election contests for every one of the offices mentioned. The statute is evidently applicable only to those contests of which the courts otherwise have jurisdiction. The case at bar does not fall within that category.

Affirmed.