Mr. Tommy Johnson, Chairman Sebastian County Election Commission 4117 South Dallas Fort Smith, Arkansas 72903
Dear Mr. Johnson:
This is in response to your request for an opinion on three questions regarding the election of Mr. Jake Files as a state representative. Specifically, you note that he was elected from District 12 and it appears that he may in fact live in District 15. His address is 6508 Park Front Drive, Fort Smith, Arkansas 72903. You pose three questions with regard to these facts, which I have paraphrased as follows:
1. Does he live in the appropriate district?
 2. What actions can be taken in the event he does not live within District 12?
 3. Are there any actions that are required on behalf of the Sebastian County Election Commission?
RESPONSE
I am unable to provide an answer to your first question in an official Attorney General opinion as it requires a determination of fact. In response to your second question, in my opinion the Arkansas House of Representatives is the only body that might take any action. The answer to your third question is, in my opinion, "no."
Question 1 — Does he live in the appropriate district?
The answer to this question involves a determination of fact, which cannot be addressed in a formal Attorney General opinion. Such opinions are restricted to questions of law. The Attorney General, in the official opinions context, is not empowered or equipped as a factfinder. Pursuant to long-standing policy, factual issues cannot be resolved in such context.
Question 2 — What actions can be taken in the event he does not livewithin District 12?
In my opinion, assuming non-residence, the only possible action that could have been taken is that the Arkansas House of Representatives could have refused Representative Files a seat under the provisions of Arkansas Constitution art. 5, § 11.
Some background information is helpful. The Arkansas Constitution provides that: "[n]o person shall be a Senator or Representative who, at the time of his election, is not a citizen of the United States, nor any one who has not been for two years next preceding his election a resident of the State, and for one year next preceding his election a resident ofthe county or district whence he may be chosen." Arkansas Constitution, art. 5, § 4. (Emphasis added). Other provisions of the Arkansas Constitution contain general residency requirements for most all officers. See Arkansas Constitution, art. 19, §§ 3 and 4 (requiring "qualified elector status, and residence in the district, county, or township to be represented, respectively).
Despite these constitutional eligibility requirements, it is generally held that one elected to office who is ineligible at the time of election becomes a de facto officer whose actions, while permitted to retain the office, are valid. Stafford v. First National Bank, 182 Ark. 1169,34 S.W.2d 759 (1931). There is no automatic vacancy (Stafford v. Cook,159 Ark. 438, 252 S.W.2d 597 (1923)), and an elected officer's ineligibility does not entitle his opponent to the office. See, e.g., Swepston v.Barton, 39 Ark. 549 (1882). In the Swepston case, which involved the election of a county sheriff, the court stated that the Governor, if the fact had been properly brought to his attention, might have refused to issue a commission to the sheriff. (The sheriff was alleged to be defaulter of public money under art. 5, § 8.) The court also noted that even after being commissioned, the elected sheriff, if ineligible, might be ousted upon quo warranto. Id. at 555. But the fact of his ineligibility did not elevate his opponent to office. Id.
Special procedures, however, pertain to members of the General Assembly. They may not be "ousted upon quo warranto" as other officers. Arkansas Constitution, art. 5, § 11 provides in part that:
 Each house shall appoint its own officers, and shall be sole judge of the qualifications, returns and elections of its own members.
This provision has been interpreted as giving each house of the General Assembly the exclusive authority to determine the eligibility of its members to take a seat. See, e.g., Irby v. Barrett, 204 Ark. 682,163 S.W.2d 512 (1942) and State ex rel. Evans v. Wheatley, 197 Ark. 997,125 S.W.2d 101 (1939). The judicial branch does not have jurisdiction of such controversies. See also, Pendergrass v. Sheid, 241 Ark. 908,411 S.W.2d 5 (1967) (judicial branch is without jurisdiction of election contests involving seats in the General Assembly); and Reaves v. Jones, 257 Ark. 210, 515 S.W.2d 201
(1974) (court did not have jurisdiction to hear challenge to senate's expulsion of member convicted of a felony).
The Arkansas House of Representatives, therefore, is the only body that might question the eligibility of Representative Files.[1] It is my understanding that he has been seated and is currently serving as the duly elected representative from District 12. It has been stated generally, with regard to such circumstances, that:
 Ordinarily the holder of a certificate of election is regarded by the courts as duly elected in the absence of any determination of the matter by the legislature, and, where the legislator in addition to receiving the certificate of election has qualified and been seated, he will be conclusively regarded as a member qualified to vote.
 De facto or de jure officers. The status of a state legislator as a de facto or de jure officer will be determined by the circumstances of the case as considered in the light of controlling constitutional provisions. If state legislators hold office under color of an election, and discharge the purported duties of office in full view of the public without being intruders or usurpers, they are at least de facto officials. . . . Under constitutional provisions making each house the sole judge of election returns and qualifications of its own members, members actually chosen when received by either house become de jure as well as de facto members. . . .
81A C.J.S. States § 42(a) (footnotes omitted).
In my opinion, therefore, even assuming Representative Files does not possess the requisite residence, the Arkansas House of Representatives is the only body which may question his eligibility.
Question 3 — Are there any actions that are required on behalf of theSebastain County Election Commission?
In my opinion the answer to this question is "no," pursuant to the discussion above.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] A statutory procedure exists to aid the House with regard to such determinations. See A.C.A. § 7-5-805. This statute gives the Arkansas Claims Commission the jurisdiction to entertain certain eligibility complaints, and to make a non-binding recommendation to the Speaker of the House.