The Honorable Tommy G. Roebuck State Representative P.O. Box 639 Arkadelphia, AR 71923-0639
Dear Representative Roebuck:
I am writing in response to your request for my opinion on a question you have submitted on behalf of a constituent, who reports the following:
 The Gurdon School District has a school board candidate that ran for office unopposed this fall in what they call Zone 13. The Gurdon District is zoned into seven (7) single member districts.[1] The facts as I understand them are as follows:
 1. In May of 2002, the board candidate was living on Sticky Road, which is located in Zone 13. At that time the candidate moved to Malvern, Arkansas to 1735 Smoke Ridge, Malvern.
 2. Prior to August 2002, the candidate rented a mobile home on Lockie Road in the Gurdon School District and in what is known as Zone 12.
 3. Sometime in August of 2002, the mailman was seen delivering mail to the Sticky Road address although apparently no one was living in the mobile home [at] that location.
 4. On September 14th or 15th, the candidate moved a camper to the Sticky Road address to live in as the home at that location that had previously been occupied in May of 2002 needed repair to the roof. I believe the camper did have electricity hooked up during the middle of September of 2002.
5. The candidate works in Malvern or Hot Spring County.
Given these facts, you constituent has posed a question I will paraphrase as follows:
 Was the described candidate, who may have lived in either Zone 12 or Zone 13 of the Gurdon School District, qualified to run for the Zone 13 school board position?
RESPONSE
In my opinion, if the candidate lived in Zone 12, he was not qualified to run for the Zone 13 position. However, notwithstanding this conclusion, I believe he would nevertheless be a de facto member of the board until successfully challenged as ineligible. Moreover, I believe he might cure the deficiency and qualify as a de jure officer by moving into the zone following his election. I am neither equipped nor authorized to address the factual question of whether the candidate was a qualified resident of Zone 13 at the time of his election.
Section 6-13-615 of the Arkansas Code (Repl. 1999) provides that the qualified electors of a school district may by petition call for an election to determine whether to elect school board members from single-member zones. Although the statute contains no express directive that a candidate running for election reside in the zone he wishes to represent, I believe this requirement is implicit in the very concept of zoned representation.[2] It would be absurd to divide a school district into zones in order to ensure proportional representation and then to defeat that end by allowing a district resident to run for election in a particular zone in which he does not reside. The Arkansas courts have long held that in interpreting statutory language, it is inappropriate to give the statute a reading that would result in an absurdity, or to presume that the legislature enacted a vain and meaningless law. See Yarbroughv. Witty, 336 Ark. 479, 484, 987 S.W.2d 257(1999); Lawhon Farm Servs. v.Brown, 335 Ark. 272, 948 S.W.2d 1 (1998); Citizens To Establish A ReformParty v. Priest, 325 Ark. 257, 926 S.W.2d 432 (1996); Henson v. FleetMortgage Co., 319 Ark. 491, 892 S.W.2d 250 (1995); Neely v. State,317 Ark. 312, 877 S.W.2d 589 (1994); Death and Total Permanent DisabilityTrust Fund v. Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 293 (1992).
Section 6-13-630 of the Code further provides that the board of directors of any school district may by resolution impose a regime of election by zone. Subsection (a) of this statute expressly dictates that "[a] candidate for a position to be elected by zones shall reside in the zone."
Finally, A.C.A. § 6-13-631 (Supp. 2001) mandates that any school district having a 10% or greater minority population elect its school board members by zone. Subsection (d)(1)(A) of this statute provides that "[a] candidate for election from a single-member zone must be a qualified elector and a resident of the zone."
Assuming the candidate at issue in your request did not reside in the zone for which he was elected, the question arises whether he is authorized to act as a board member. In my opinion, under this hypothetical, although unqualified to run for the office, the candidate would nevertheless be serving as a de facto officeholder. See Thomas v.Sitton, 213 Ark. 816, 212 S.W.2d 710 (1948) (nonresident city marshal not possessing the qualifications of an elector, as required by Ark. Const. art. 19, § 3, nevertheless qualified as a de facto officer). I considered a strongly similar situation in the enclosed Ark. Op. Att'y Gen. No.2001-321, in which I addressed whether a nonresident elected to serve on a school board might continue to serve, "with the results of the election standing, if he moves back into the district." In discussing this issue, I offered the following analysis:
 A vacancy does not automatically arise based upon the lack of residence, but only arises when it is declared by the school board or by a court. See Op. Att'y. Gen. 98-193 (no immediate vacancy occurs after a school board member's removal of bona fide residence from the district, but the vacancy may be declared by the school board). Even though an officer is ineligible to hold the office, however, as long as he was elected or appointed under color of law he may serve and validly act as a "de facto" officer while he is permitted to retain the office.
 This so-called "fiction of law" has been summarized by the Arkansas Supreme Court as follows:
 A person who enters into an office and undertakes the performance of the duties thereof by virtue of an election or appointment, is an officer de facto though he was ineligible at the time he was elected or appointed, or has subsequently become disabled to hold the office. Indeed, it is settled by a current of authority almost unbroken for over 500 years in England and this country, that ineligibility to hold an office does not prevent the ineligible incumbent, if in possession under color of right and authority, from being an officer de facto with respect to his official acts, in so far as third persons are concerned.
 Pennington v. Oliver, 245 Ark. 251, 254, 431 S.W.2d 843 (1968), quoting Faucette, Mayor v. Gerlach, 132 Ark. 58, 200 S.W. 279 (1918).
 The acts of de facto officers are valid. See Appleby v. Belden Corp., 22 Ark. App. 243, 738 S.W.2d 807 (1987) (holding that the acts of de facto officers are valid and effectual while they are permitted to retain the office, as though they were officers by right, and such actions cannot be questioned collaterally). An officer" de facto," however, is a usurper and can be removed from office in the manner provided by law. See e.g., Sitton v. Burnett, 216 Ark. 574, 226 S.W.2d 544 (1950).
 In my opinion, therefore, the school board director you describe, during the period he lacks the requisite residence, is ineligible to hold the office. The school board may act to declare his position vacant and fill it with an appointee. If the school board does not act to remove him, however, and no court action is instituted seeking his removal, he may be permitted to retain the office and serve as an officer "de facto," until and unless he is removed in the manner provided by law. If he is not so removed while the ineligibility exists, he may later be able to defend himself as an officer "de jure" if he regains the requisite residence.
Applying these principles, assuming the subject of your request was not a resident of the zone for which he was elected, I believe he would nevertheless serve as a de facto officer until challenged in one of the manners discussed above. See Stafford v. First National Bank,182 Ark. 1169, 34 S.W.2d 759 (1931) (one elected to office while ineligible nevertheless serves as a de facto officer whose actions are valid until he is successfully challenged).
Having offered this opinion, I must stress that I cannot opine on the purely factual question of whether the board member at issue in your request upon election was indeed a qualified resident of the zone he represents. See Phillips v. Melton, 222 Ark. 162, 257 S.W.2d 931 (1953) (the determination of residence is a question of fact in each instance); Ark. Ops. Att'y Gen. Nos. 2002-105, 99-062, 97-285, 97-276, 94-208 (determining residence involves a factual inquiry beyond the scope of the Attorney General's authority).
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure
[1] I gather your constituent means that the Gurdon district is divided into seven single-member zones. See A.C.A. §§ 6-13-615 (authorizing the establishment of single-member zones within a school district by local option election), 6-13-630 (authorizing a school board to establish single-member zones) and 6-13-631 (mandating the establishment of single-member zones within a school district having a 10% or greater minority population). If so, I do not understand why the two zones at issue in your request are numbered 12 and 13. Nevertheless, for purposes of my analysis, I will assume that the issue is simply whether an individual living in one zone might be elected to and serve in a school-board position in another zone within the same district.
[2] This requirement is further consistent with the spirit of A.C.A. §6-13-613(f), which provides that a vacancy will be deemed to exist if a school board member removes his residence from the district he was elected to represent.