CARMEN VIÑAS DE RAMÍREZ, Petitioner and Appellant, *v.* SERGIO CUEVAS, COMMISSIONER OF THE INTERIOR OF PUERTO RICO, Respondent and Appellee.

No. 8450. Argued November 24, 1942.—Decided January 22, 1943.

*Celestino Iriarte, F. Fernández Cuyar, H. González Blanes,* and *Carlos V. Dávila,* for appellant. *M. Rodríguez Ramos, Acting Attorney General,* and *A. E. Franco Cabrero, Deputy Attorney General,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On July 29, 1941, Carmen Viñas filed a petition in the District Court of San Juan for the issuance of a writ of mandamus directed against Sergio Cuevas in his capacity as Commissioner of Interior, ordering him to issue immedi-

ately in favor of the plaintiff an automobile license-plate to act as a public carrier during the year 1941–42 after payment of thirty dollars.

The defendant demurred and answered the complaint, objecting to the petition and the court, on September 4, 1941, rendered judgment dismissing the same with imposition of costs on the petitioner.

The latter appealed and assigns in her brief that the only error committed by the trial judge in its opinion, was in deciding that, pursuant to Act No. 75 of April 13, 1916 (Laws of 1916, p. 140), as amended by Act No. 33 of April 14, 1941 (Laws of 1941, p. 548), public service vehicles with a capacity of more than seven persons operated by an enterprise shall pay fifty-five dollars annually for a license, when the said act only prescribed thirty dollars.

■■ Although the transcript of the record was filed on November 15, 1941, it was not until June 3, 1942, that the appellant filed her brief. Since the attention of the court was not called to that fact and the regular cases had been set before the vacation, the hearing on the petition was set for November 24 last on which day the same was heard.

At this stage, when the case was being considered for a decision on its merits, we realized that the judgment could not be made effective, because the fiscal year during which said license was to take effect had expired on June 30, 1942. The question to be decided was therefore devoid of all practical value. It is academic and courts are not called upon to settle that kind of questions. According to the decisions applicable to such cases, the dismissal of the appeal lies.

In 3 Am. Jur., Appeal and Error, §733, it is said: "The rule is well established that review proceedings are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the rights of some party to the litigation. Accordingly, an appeal or error proceeding will be dismissed if the question presented by it

is fictitious, or has been become moot or academic, or if, without any fault of the appellee or defendant in error, an event has occurred which makes a determination of it unnecessary or renders it impossible for an appellate court to grant effectual relief.''

Such is the general rule. There are exceptions such as continued public interest and the imposition of costs. The former exception was amply set forth and applied by the Supreme Court of the United States as follows:

''It will be observed that the order of the Commission required appellants to cease and desist from granting Young the alleged undue preference for a period of not less than two years from September 1, 1908 (subsequently extended to November 15). It is hence contended that the order of the Commission has expired and that the case having thereby become moot, the appeal should be dismissed.

''The court has said a number of times that it will only decide actual controversies, and if, pending an appeal, something occurs without any fault of the defendant which renders it impossible, if our decision should be in favor of the plaintiff, to grant him effectual relief, the appeal will be dismissed. *Jones* v. *Montague,* 194 U. S. 147, and *Richardson* v. *McChesney,* decided November 28 of this term, 218 U. S. 487. But in those cases the acts sought to be enjoined had been completely executed, and there was nothing that the judgment of the court, if the suits had been entertained, could have affected. The case at bar comes within the rule announced in *United States* v. *Trans-Missouri Freight Ass'n,* 166 U. S. 290, 308, and *Boise City Irr. & Land Co.* v. *Clark* (C.C. App. 9th Cir.), 131 Fed. Rep. 415.

''In the case at bar the order of the Commission may to some extent (the exact extent it is unnecessary to define) be the basis of further proceedings. But there is a broader consideration. The questions involved in the orders of the Interstate Commerce Commission are usually continuing (as are manifestly those in the case at bar) and their consideration ought not to be, as they might be, defeated, by short term orders, capable of repetition, yet evading review, and at one time the Government and at another time the carriers have their rights determined by the Commission without a chance of redress.'' *So. Pac. Terminal Co.* v. *Int. Commerce Comm.,* 219 U. S. 498, 514.

The fact that this is a question of public interest may be admitted, since the law involved is one which requires, in general, that owners of motor vehicles shall pay an amount or amounts in order to act as public carriers. However, since the Legislature repealed said act in the following year, 1942, and enacted a new law, Act No. 55 to Regulate the Use of Motor Vehicles in Puerto Rico, etc. (Laws of 1942, p. 526–566), which clears up the entire situation, the circumstance of public interest no longer exists.

 As to the question of costs which in a proper case could be brought before a court to be considered on its merits in order to decide whether or not said costs were properly awarded (*Morrison* v. *Hess,* 231 S. W. 997, 18 A.L.R. 433), it is sufficient to state that the attendant circumstances place this case outside the exception, inasmuch as if the appeal was not timely decided, it was due to the conduct of appellant herself who, since November 24, 1941, began to ask for extensions for the filing of her brief, and allowed her term to expire on January 24, 1942, asking on the 30th of said month for a new extension which was granted and within which she failed to file her brief, presenting new motions for extensions as a result of which the appeal was heard when the same had become academic.

Therefore the appeal is hereby dismissed.