**TOWN OF FAIRBANKS, ALASKA, v. UNITED STATES SMELTING, REFINING & MINING CO., Inc., et al.**

**No. 12348.**

United States Court of Appeals
Ninth Circuit.

Nov. 27, 1950.

Denman, Chief Judge, dissented.

Collins & Clasby, Chas. J. Clasby, all of Fairbanks, Alaska, for appellant.

Southall R. Pfund, San Francisco, Cal. (Pillsbury, Madison & Sutro, Allan R. Moltzen, all of San Francisco, Cal., of counsel), for appellee U. S. Smelting, Refining & Mining Co.

Julien A. Hurley, Fairbanks, Alaska, for appellee Slater.

Before DENMAN, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal by the town of Fairbanks, Alaska, from a judgment dismissing its petition for the annexation of an area of contiguous lands.

The statute, § 16-1-22, Alaska Compiled Laws Annotated 1949, provides that when the council of a city desires to annex contiguous territory, it shall file in the court "a petition signed by a majority of the owners of substantial property interests in land or possessory rights in land" within the limits of the territory proposed to be annexed. The number of owners of such property is required to be stated in the petition or on an attached plat. There is a further provision, added to the original annexation statute by way of amendment in 1947, reading: "Those owners of land within the limits of the territory sought to be annexed who have filed a statement of their ownership in the United States General Land Office for the District in which the land is situate, in compliance with Chapter 49 of the Session Laws of Alaska, 1945, shall be presumed to be the owners of substantial property interests in land or possessory rights in land, tidelands or improvements upon land or tidelands within the limits of the territory proposed and sought to be annexed in the absence of a clear showing to the contrary."

The law referred to in the above quoted provision, namely, Chapter 49 of the Session Laws of Alaska, 1945, has been codified as § 22-2-1 of the Alaska Compiled Laws Annotated 1949. It is shown on the margin.[1]

1. "22-2-1. Duty of owner or transferee to file statement: Exemptions: Penalty: Lien. It shall be the duty of each owner of land, other than of land to which the United States, or an agency or instrumentality thereof holds title, or which is owned by the Territory or a subdivision, agency or instrumentality thereof, or by an Indian Nation, tribe, band or a member thereof, or is located within an incorporated town, to file in the United States Land Office for the District in which the land is situated, on or before June 30, 1946, a sworn statement, or a statement signed by two witnesses when it is impossible to obtain a sworn statement, giving his name, his post office address, a description of the tract of land, its acreage, use, character, and any other information necessary for the purposes of this Act. Upon a transfer of title to a tract of land on or after January 1 of any year, a statement in the form required by this section must be filed by the owner of such newly acquired tract of land on or before December 31 of that year, unless such owner is within one of the classes exempted by this section from filing such a statement. The owner of a tract of land who has made a proper return as to such land in any year, as prescribed by this section, need not thereafter file a statement under this section. Upon failure to file a statement, as required by this section, the owner shall be subject to a penalty of $5 which shall be a lien against the land as of January 1 of the ensuing year and subject to collection as hereinafter provided." A.C.L.A.1949.

The petition of the Town, filed with the court pursuant to the annexation statute, bore 150 signatures and alleged that there are 282 owners of substantial property interests in land in the area. This allegation was denied by appellees, and the answer of appellee Charles Slater stated affirmatively that there are more than 310 owners of substantial property interests in the area. On the hearing before the court the Town introduced evidence showing that 207 persons had filed in the General Land Office statements of ownership of interests in land in the territory to be annexed, and that of those so filing 106 had signed the petition. No further evidence on the subject being offered, the court dismissed the Town's petition for failure to prove that a majority of the owners of substantial property interests in the area had signed it.

The Town contends that it made a prima facie showing of a majority on the basis of the presumption afforded by the 1947 amendment to the annexation statute, supra. We think otherwise. The amendment says only that those filing statements of ownership are "presumed to be the owners of substantial property interests in land" in the territory sought to be annexed. It does not say that they are presumed to be *all* the owners of such interests in the area.

While the provision is not so broad as appellant would have us believe, it serves nevertheless an important purpose. The phrase "substantial property interests in land" is notably vague. Often it might be difficult to determine whether a particular interest is or is not substantial. There might be doubt in a particular situation whether the person filing is the "owner" of the interest described. The presumptive clause in question provides a convenient rule of evidence doing away with the initial need of proving in annexation proceedings that the persons who have filed statements in the Land Office are in fact owners or that the interests they own are substantial.

Emphasis is sought to be given the verbiage of the general law of 1945, supra note 1, stating that "It shall be the duty of" each owner to file in the Land Office a sworn statement of his ownership. The statute is a revenue measure. Its apparent purpose is to enable taxing bodies more conveniently to get privately owned lands and possessory interests in lands on the assessment rolls. The only penalty it prescribes for failure to perform the duty of filing is a penalty of $5, constituting a lien against the land. If the legislature, in amending the annexation statute, had intended further to penalize non-complying owners by doing away with the need of counting them for or against an annexation petition, it would presumably have made the purpose plain.

Affirmed.

DENMAN, Chief Judge (dissenting).

The court's opinion, in determining the legislative intent in providing for the enlargement of incorporated areas, fails to consider the absence of police protection in outlying Alaska homes confirmed in our judicial knowledge by the Alaska judiciary attending our circuit conference. It further ignores the fact that the annexation statute also has the purpose of bringing the adjoining areas under the Town's taxation.

More particularly, the court's opinion fails to consider the earlier annexation proceeding by the Town of Fairbanks prior to the 1947 amendment, admitted by appellees so to have been litigated. That litigation makes it clear that the legislative purpose in creating the presumption is that *"Those owners of land"* who have registered *"shall be* presumed to be *the* owners of substantial property interests" who are entitled to vote in the annexation election. The opinion ignores the use of the article "the" in the phrase *"the* owners" as referring to the owners in the earlier portion of the Act to which the amendment was added. It would construe the amendment as if it had omitted the article "the" and is to be deemed to read "shall be presumed to be *some of the owners"* and no more.

The petition of the Town of Fairbanks was filed under the authority of Alaska Compiled Laws Annotated 1949, §§ 16-1-21 to 16-1-28. Petitioner claimed to have made a prima facie case under the authority of Chapter 50, § 1, p. 119, Laws of Alaska 1947, an amendment to § 16-1-22, later discussed. On appellees' motion, the petition was dismissed.

Section 16-1-22 requires that the petition of the Council of the Town of Fairbanks shall be signed by "a majority of the owners of substantial property interests" in the land proposed to be annexed to the town.

After the enactment of § 16-1-22, but prior to its amendment, the Legislature of Alaska made it the duty of one owning land not "located within an incorporated town" to file in the United States Land Office for the district in which the land is situated a sworn statement giving a description of the tract of land, its acreage, use and character.[1]

After the enactment of this registration provision, the Town of Fairbanks unsuccessfully litigated an annexation proceeding for this same territory, in which the same court ruled that testimony by one who had made a "last record owner" search of the real property records was incompetent to show even a "claim of ownership" unless coupled with proof of actual possession by the last record owner; and if the property was vacant the court indicated it would quite likely hold an abstract of title necessary to make proper proof.

Succeeding this litigation, the legislature in 1947 amended the annexation statute by creating the presumption here in question. It reads: *"Those owners of land* within the limits of the territory sought to be annexed who have filed a statement of their ownership in the United States General Land Office for the District in which the land is situate, in compliance with Chapter 49 of the Session Laws of Alaska, 1945, (§§ 22-2-1–22-2-18 herein), shall be *presumed to be the owners of substantial property* interests in land or possessory rights in land, tidelands or improvements upon land or tidelands within the limits of the territory proposed and sought to be annexed

in the absence of a clear showing to the contrary." (Emphasis supplied.)

Appellees contend and the court agrees that the registration act was solely for the purpose of facilitating taxation on lands outside incorporated towns. Assuming that such was its sole purpose when enacted, this does not prevent the legislature from adding the purpose of using the registrations to determine "the" owners of land required to consent to annexation, by which they became subject to the *Town's* taxation.

The legislature made this clear by a 1949 amendment[2] to the Land Registration Act making its requirements of no further effect but saving the rights and liabilities then accrued under it in full force and effect and providing the Act, *as so amended in 1949,* shall be to aid in taxation. This 1949 amendment reads:

"Section 1. That the provisions of the Land Registration Act, Secs. 22-2-1 to 22-2-18 ACLA 1949 are hereby modified as follows:

"(a) On and after July 1, 1949, the land registration requirements set forth in said sections shall cease to be of further effect, but rights and liabilities accrued under said provisions and regulations made pursuant thereto prior to said date shall remain in full force and effect.

\* \* \* \* \* \*

"(c) It is the intent and purpose of this Act to secure a check of the list of patented properties which have been duly registered in each judicial division against the records of the Bureau of Land Management, for the information and use of the respective divisional boards of assessment and their assessors in making up tax rolls under the purview of the Territorial Property Tax Act."

1. Laws of Alaska 1945, ch. 49, § 1, p. 112, A.C.L.A.1949, § 22-2-1: "Duty of owner or transferee to file statement: Exemptions: Penalty: Lien. It shall be the duty of each owner of land, other than of land \* \* \* which \* \* \* *is located within an incorporated town,* to file in the United States Land Office for the District in which the land is situated, on or before June 30, 1946, a

sworn statement, or a statement signed by two witnesses when it is impossible to obtain a sworn statement, giving his name, his post office address, a description of the tract of land, its acreage, use, character, and any other information necessary for the purposes of this Act \* \* \*." (Emphasis supplied.)

2. Session Laws of Alaska 1949, ch. 106.

Obviously the right to have owners of land so registered to be deemed "*the* owners" in an annexation proceeding and the right of the Town to tax these lands were "accrued" rights which Section 1(a) of the 1949 amendment preserved.

The petitioner introduced testimony that the records of the Land Office showed that a total of 207 persons had registered as owners of land in the territory to be annexed and that 106 of those had signed the petition for annexation. The petition of the town alleged there were 282 such owners and that 53% had joined in the petition. The appellees claim that this allegation of 282 owners required the consent of 142 of the owners be proved and that but 106 were shown to have consented and hence the dismissal was proper. The allegation of the petition is not controlling. The evidence, admitted without objection, showed that a total of 207 had registered and that a majority thereof, 106, had consented to the annexation. This required the amendment of the petition to comply with the proofs as was suggested by the petitioner after the evidence was in. We are required to treat the case as if the amendment had been made.

The judgment should have been reversed.