William V. BOGGESS, as Protestant on behalf of the City of Fairbanks, Alaska, and The City of Fairbanks, Alaska, Appellants,

v.

BERRY CORPORATION, Steve Boinich and United States of America, Appellees.

No. 14853.

United States Court of Appeals Ninth Circuit.

May 2, 1956.

William V. Boggess, Fairbanks, Alaska, for appellants.

Theodore F. Stevens, U. S. Atty., Fairbanks, Alaska, for appellee.

Before POPE and LEMMON, Circuit Judges, and MATHES, District Judge.

MATHES, District Judge.

This appeal is prosecuted on· behalf of the City of Fairbanks, Alaska, from an order of the District Court transferring a Territorial liquor license for the year 1955 from appellee Berry Corporation to appellee Boinich over the protest of appellant.

The effect of the order was to "transfer a liquor license from one location to another within the City of Fairbanks"; and the single ground of challenge presented by appellant here rests upon the contention that the District Court had no authority to transfer the location.

Before reaching the merits, however, we must turn to the suggestions of the. Government as appellee that this Court lacks jurisdiction to review the order in question.

First it is pointed out that the license involved expired with the year 1955, § 35–4–19, A.C.L.A.1949, and this fact of course raises the question whether the appeal has become moot.

Where subsequent events, such as extinguishment of the obligation in controversy, People of State of California v. San Pablo & T. R. Co., 1893, 149 U.S. 308, 13 S.Ct. 876, 37 L.Ed. 747, or change in the law involved, United States v. Alaska S. S. Co., 1920, 253 U. S. 113, 40 S.Ct. 448, 64 L.Ed. 808, render immaterial the merits of a case at bar, and it does not appear probable the subject matter is of a continuing nature in the sense that a like controversy depending upon a like question of law will arise in the immediate future involving some party to the pending appeal, the reviewing court will dismiss the appeal as moot. Brownlow v. Schwartz, 1923, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620; Heitmuller v. Stokes, 1921, 256 U.S. 359, 41 S.Ct. 522, 65 L.Ed. 990; United

States v. Hamburg-Amerikanische Pack-et-Fahrt-Actien Gesellschaft, 1916, 239 U.S. 466, 36 S.Ct. 212, 60 L.Ed. 387; Jones v. Montague, 1904, 194 U.S. 147, 24 S.Ct. 611, 48 L.Ed. 913; Mills v. Green, 1895, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293.

■ Where, however, interest of a public character are involved under conditions that may immediately be repeated, thus giving the litigation a continuing character, as where the right to a renewal license turns in part upon the validity of an expired license, see: § 35-4-15, A.C.L.A.1949 as amended by Ch. 116, S.L.A.1953; Rattray v. Scudder, 1946, 28 Cal.2d 214, 169 P.2d 371, 164 A.L.R. 1356, the mere fact that the particular subject matter of the instant cause has expired does not render the case moot. Southern Pac. Terminal Co. v. I.C.C., 1911, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310; Lansden v. Hart, 7 Cir., 180 F.2d 679, certiorari denied, 1950, 340 U.S. 824, 71 S.Ct. 58, 95 L.Ed. 606; Boise City Irrigation & Land Co. v. Clark, 9 Cir., 1904, 131 F. 415; cf. United States v. Trans-Missouri Freight Ass'n, 1897, 166 U.S. 290, 17 S.Ct. 540, 41 L.Ed. 1007.

■ Apart from these considerations of public interest and public policy, which might otherwise serve to preserve any justiciable quality of the subject matter of the appeal here, this proceeding is patently moot, and we should make such order of dismissal as is " 'most consonant to justice' in view of the conditions and circumstances of the particular case." United States v. Hamburg-Amerikanische, etc., Co., supra, 239 U.S. at page 478, 36 S.Ct. at page 217; see: Heitmuller v. Stokes, supra, 256 U.S. at page 362, 41 S.Ct. 522; Commercial Cable Co. v. Burleson, 1919, 250 U.S. 360, 39 S.Ct. 512, 63 L.Ed. 1030; Security Mutual Life Ins. Co. v. Prewitt, 1906, 200 U.S. 446, 26 S.Ct. 314, 50 L.Ed. 545; South Spring Hill Gold Min. Co. v. Amador Medean Gold Min. Co., 1892, 145 U.S. 300, 12 S.Ct. 921, 36 L.Ed. 712.

■■ To dismiss the appeal as moot, without more, is to assume a previously existing case or controversy of such nature as to be within judicial cognizance. But the issuance, transfer and revocation of liquor licenses are by nature administrative or legislative matters; and Congress has expressly delegated power over such matters in Alaska to the Territorial Legislature. 48 U.S.C.A. § 292.

■ The fact that the Territorial Legislature has sought in turn to delegate to the District Court for the Territory the power to direct the issuance, transfer, and revocation of liquor licenses under prescribed conditions does not make them any the more judiciable acts. [See: §§ 35-4-12, 35-4-13, 35-4-21, A.C.L.A.1949.]

■■ The District Court for Alaska is a "legislative" court created under the Congressional power to "make all needful Rules and Regulations respecting the Territory * * * belonging to the United States", U.S.Const. Art. IV, § 3, Cl. 2, rather than a "Constitutional" court created under Article III, § 2; Mookini v. United States, 1938, 303 U.S. 201, 205, 58 S.Ct. 543, 82 L. Ed. 748; McAllister v. United States, 1891, 141 U.S. 174, 11 S.Ct. 949, 35 L. Ed. 693; cf. National Mut. Ins. Co. v. Tidewater Transfer Co., 1949, 337 U.S. 582, 69 S.Ct. 1173, 93 L.Ed. 1556; O'Donoghue v. United States, 1933, 289 U.S. 516, 53 S.Ct. 740, 77 L.Ed. 1356; Ex parte Bakelite Corp., 1929, 279 U.S. 438, 49 S.Ct. 411, 73 L.Ed. 789; and as such can be empowered by Congress to perform legislative and administrative functions as well as judicial ("case" or "controversy") functions. Federal Radio Comm'n v. General Electric Co., 1930, 281 U.S. 464, 468-469, 50 S.Ct. 389, 74 L.Ed. 969; Electrical Research Products v. Gross, 9 Cir., 1936, 86 F.2d 925, 926; cf. Binns v. United States, 1904, 194 U.S. 486, 24 S.Ct. 816, 48 L. Ed. 1087; Snow v. United States, 1873, 18 Wall. 317, 85 U.S. 317, 21 L.Ed. 784.

Although Congress may, Leitensdorfer v. Webb, 1857, 20 How. 176, 61 U.S. 176, 183, 51 L.Ed. 891, this Court recently held that Congress has not delegated to the Territorial Legislature un-

der the Organic Act, 48 U.S.C.A. § 91, the power to confer or impose upon the Judges of the District Court for Alaska legislative or administrative duties such as are involved at bar. Bordenelli v. United States, 9 Cir., 1956, 233 F.2d 120, see: Town of Fairbanks, Alaska v. Barrack, 9 Cir., 1922, 282 F. 417, 421, certiorari denied, 1923, 261 U.S. 615, 43 S.Ct. 361, 67 L.Ed. 828; In re Alaska Labor Trades Ass'n, 1945, 10 Alaska 472, 484; cf. Town of Fairbanks, Alaska v. United States Smelting, etc., Co., 9 Cir., 1950, 186 F.2d 126.

■ What has been said requires dismissal of this appeal for want of jurisdiction. But since this Court is "in every substantial sense the supreme court" of the Territory of Alaska, The Coquitlam v. United States, 1896, 163 U.S. 346, 352, 16 S.Ct. 1117, 41 L.Ed. 184, it should be added that even if jurisdiction to issue, transfer and revoke liquor licenses were regularly vested in the "legislative" District Court for Alaska, this Court would still lack jurisdiction to review the administrative orders in such matters, since this "Constitutional" court, Old Colony Trust Co. v. Comm'r, 1929, 279 U.S. 716, 723, 724, 49 S.Ct. 499, 73 L.Ed. 918, is empowered to act only in justiciable "cases" or "controversies" within the meaning of Article III of the Constitution, and so has no jurisdiction to review "administrative or legislative issues or controversies." Keller v. Potomac Electric Power Co., 1923, 261 U.S. 428, 444, 43 S.Ct. 445, 449, 67 L.Ed. 731; Muskrat v. United States, 1911, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246; cf. Pope v. United States, 1944, 323 U,S. 1, 13–14, 65 S.Ct. 16, 89 L.Ed. 3; Postum Cereal Co. v. California Fig Nut Co., 1927, 272 U.S. 693, 700–701, 47 S.Ct. 284, 71 L.Ed. 478.

Appeal dismissed for lack of jurisdiction over the subject matter.

LEMMON, Circuit Judge (concurring).

I concur in the result.

Save in exceptional cases—and the present is not one of them—The Supreme Court has repeatedly ruled that moot lawsuits should be dismissed.

When a controversy involves a license that has expired, as does the instant case, and where, under the applicable statute, the particular license could not have been issued for a longer period, we have a classical example of a moot case.

Our course, therefore, under numerous Supreme Court decisions, is clearly charted for us.

1. *Statement of Facts.*

On March 30, 1955, the appellee Boinich, at a public auction held by the United States, purchased Beverage Dispensary License No. 5581. This license had been issued in pursuance to the laws of the Territory of Alaska to the appellee Berry Corporation, and authorized the latter to sell alcoholic beverages "for consumption on the premises only" at 418 Second Avenue in Fairbanks, Alaska, Alaska Compiled Laws Annotated, 1949, § 35–4–21(A).

Seizure of the license from the Berry Corporation by the United States had been accomplished on February 23, 1955. The license was for the year ending December 31, 1955.

On April 4, 1955, the appellee Boinich filed a document denominated "Application for Liquor License in the Territory of Alaska". Although so entitled, this "application" actually sought a *transfer* of the above license from the Berry Corporation to the appellee Boinich, and for a change of the location of the business from 418 Second Avenue to 548 Second Avenue, in Fairbanks. In lieu of a consent to the proposed transfer by the Berry Corporation, a letter of consent by the United States, relating the facts of the seizure and sale, was attached to the application.

Also on April 4, 1955, the appellee Boinich filed a "Motion for Transfer of Liquor License" and a "Notice of Hearing" thereon. This notice was addressed to the City Clerk of Fairbanks, and was served upon him apparently by direction of the court below.

Through the appellant Boggess, the city attorney of Fairbanks, the city responded to the notice by filing a protest against the proposed transfer. This protest, which was filed April 7, 1955, directly raised the question of whether the court below possessed authority to transfer a Beverage Dispensary License from one location to another.

The court below held that it had such authority, and on April 18, ordered such transfer granted. From that order, the present appeal was taken.

2. *Since the License Sought to be Transferred Has Expired, the Case Has Become Moot, and Must be Dismissed.*

The "Application for Liquor License", a facsimile copy of which is a part of the transcript, shows on its face that the license sought to be transferred expired on December 31, 1955. That being the case, the present action has become moot, and must be dismissed.

In United States v. Munsingwear, 1950, 340 U.S. 36, 39–40, 71 S.Ct. 104, 106, 95 L.Ed. 36, the Court said:

"The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss [Many cases cited]. That was said in Duke Power Co. v. Greenwood County, 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178, to be 'the duty of the appellate court'. That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance."[1]

It is true that both the Supreme Court and this Court in a few instances have found reason to make exceptions to the strict rule; but the present case is not an instance of that kind.

In Southern Pacific Terminal Co. v. Interstate Commerce Commission, 1911, 219 U.S. 498, 514–515, 31 S.Ct. 279, 283, 55 L.Ed. 310, the Court expounded both the principle and its limitations:

"This court has said a number of times that it will only decide actual controversies, and if, pending an appeal, something occurs, without any fault of the defendant, which renders it impossible, if our decision should be in favor of the plaintiff, to grant him effectual relief, the appeal will be dismissed. Jones v. Montague, 194 U.S. 147, 24 S.Ct. 611, 48 L.Ed. 913, and Richardson v. McChesney, decided November 28, 1910, 218 U.S. 487, 31 S.Ct. 43, 54 L.Ed. 1121. But in those cases the acts sought to be enjoined *had been completely executed* [as here], and there was nothing that the judgment of the court, if the suits had been entertained, could have affected. The case at bar comes within the rule announced in United States v. Trans-Missouri Freight Ass'n, 166 U.S. 290, 308, 17 S.Ct. 540, 41 L.Ed. 1007, 1016, and Boise City Irrig. & Land Co. v. Clark [cited by the appellant here], 9 Cir., 131 F. 415, 65 C.C.A. 399.

"In the case at bar the order of the Commission may to some extent (the exact extent it is unnecessary to define) be the basis of further proceedings. But there is a broader consideration. The question involved in the orders of the Interstate Commerce Commission are uually continuing (as are manifestly those in the case at bar), and these considerations ought not to be, as they might be, defeated, by

1. See also Brownlow v. Schwartz, 1923, 261 U.S. 216, 217–219, 43 S.Ct. 263, 67 L.Ed. 620, and the many cases there cited; Woodring v. Clarksburg-Columbus Short Route Bridge Co., 1937, 302 U.S. 658, 58 S.Ct. 365, 82 L.Ed. 509; Paramount Pictures, Inc., v. Langer, 1939, 306 U.S. 619, 59 S.Ct. 641, 83 L.Ed. 1025; Retail Food Clerks & Managers Union, Local No. 1357 v. Union Premier Food Stores, Inc., 1940, 308 U.S. 526, 60 S.Ct. 376, 84 L.Ed. 445.

short-terms orders, capable of repetition, yet evading review, and at one time the government, and at another time the carriers, have their rights determined by the Commission without a chance of redress." (Emphasis supplied.)

In the instant case, we do not have a "continuing order". On the contrary, the license sought to be transferred in the instant case not only expired at the end of the year, *but under the law could not have continued for more than one year from the date of issuance.* See A.C.L.A.1949, § 35–4–19.

Brownlow v. Schwartz, supra, 261 U.S. at page 217, 43 S.Ct. at page 264, was a *building* permit case. There the Court said:

"The case has become moot for two reasons: (1) Because the permit, the issuance of which constituted [as here] the sole relief sought by the petitioner, has been issued and the building to which it related has been completed; and (2) because, the first reason aside, petitioner no longer has any interest in the building, and therefore has no basis for maintaining the action."

3. *To Dismiss an Appeal as Moot, No Previously Existing "Case or Controversy" Need Be Assumed.*

The majority opinion states that "To dismiss the appeal as moot, without more, is to assume a previously existing case or controversy of such nature as to be within judicial cognizance". I do not agree with this assumption, in support of which no authorities are cited. On the contrary, in Jones v. Montague, 1904, 194 U.S. 147, 152, 24 S.Ct. 611, 612, 48 L.Ed. 913, the Supreme Court quoted with approval the following language from Mills v. Green, 1895, 159 U.S. 651, 658, 16 S.Ct. 132, 40 L.Ed. 293:

"It is obvious, therefore, that, *even* if the bill could properly be held to present a case within the jurisdiction of the circuit court, no relief within the scope of the bill could *now* be granted." [Emphasis supplied.]

In Mills v. Green, supra, the Court also said:

"We are of the opinion that the appeal must be dismissed upon this ground [mootness], without considering any other question appearing on the record or discussed by counsel." 159 U.S. at page 653, 16 S.Ct. at page 133.

Both the Mills and Montague cases are cited in the majority opinion.

It will thus be seen that the Supreme Court has held that the question of mootness is controlling, regardless of whether *other* jurisdictional matters appear.

For mootness *is of itself a jurisdictional question.* See United States v. Hamburg-Amerikanische, etc., Gesellschaft, 1916, 239 U.S. 466, 475, 476, 36 S.Ct. 212, 60 L.Ed. 387; People of State of California v. San Pablo & Tulare Railroad Co., 1893, 149 U.S. 308, 13 S.Ct. 876, 37 L.Ed. 747, both cited in the majority opinion. Here the license has been issued and has expired, and there is nothing left for this Court to decide. It is not an exceptional case that should move this Court to assume jurisdiction, regardless of mootness.

4. *Conclusion.*

The present case being moot, and offering a classic example of a controversy that we are forbidden to decide, the order below should be vacated and the case remanded with a direction to dismiss.