{¶ 18} Because I believe that this appeal presents a real case and controversy, and that effectual relief could be granted to the Board of Zoning Appeals if the trial court's judgment were reversed, I respectfully dissent.
 {¶ 19} The United States Supreme Court has held that courts, "will only decide actual controversies, and if, pending an appeal, something occurs without any fault of the [party who prevailed below] which renders it impossible, if our decision should be in favor of the [appealing party], to grant himeffectual relief, the appeal will be dismissed." So. Pac.Terminal Co. v. Interstate Commerce Comm. (1911), 219 U.S. 498,514, 31 S.Ct. 279, 55 L.Ed. 310, citing Jones v. Montague
(1904), 194 U.S. 147, 24 S.Ct. 611, 48 L.Ed. 913. (Emphasis added.) "* * * [W]hen, pending proceedings [on appeal], anevent occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the [appeal]." Miner v. Witt (1910), 82 Ohio St. 237, 92 N.E. 21, at syllabus. (Emphasis added.)
 {¶ 20} "Actions or opinions are described as `moot' when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations. * * * `A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none [* * *] or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.'"Grove City v. Clark, Franklin App. No. 01AP-1369, 2002-Ohio-4549, ¶ 11, quoting Culver v. City of Warren (1948),84 Ohio App. 373, 393, 83 N.E.2d 82. (Citations omitted.)
 {¶ 21} Guided by these authorities, I do not believe that the construction of Nextel's telecommunications facility renders this appeal "fictitious, colorable, hypothetical, academic or dead." At present, the issue before this court is whether the Rural Zoning District of the Franklin County Zoning Resolution is an "area zoned for residential use" pursuant to R.C.303.211(B)(1)(c) such that construction of telecommunication towers upon land located within a Rural Zoning District is subject to zoning regulation by Franklin County. The fact that Nextel was able to construct its tower within a few weeks following journalization of the trial court's judgment, and before a stay thereof went into effect, does not change the fact that this legal issue is still before the court.
 {¶ 22} The Board of Zoning Appeals' decision to deny the conditional use request was not calculated solely to prevent construction in the first instance; another object of the decision was certainly to prevent an ongoing zoning violation. Thus, this court should exercise its jurisdiction to provide complete relief to the appealing party, even when, as here, a portion of the relief sought in the first instance may at present be apparently foreclosed. See United States v. Trans-MissouriFreight Assn. (1897), 166 U.S. 290, 308, 17 S.Ct. 540,41 L.Ed. 1007.
 {¶ 23} As this court recently noted in The Wheeling Corp. v.Columbus Ohio River RR. Co. (2001), 147 Ohio App.3d 460,771 N.E.2d 263, at 481, discretionary appeal not allowed (2002),95 Ohio St.3d 1436, 766 N.E.2d 1002 "* * * the failure to request a stay of the trial court's decision * * * is not necessarily conclusive; * * * the existence of a stay would have no bearing on the ultimate [legal] determination * * *." Applying this analysis to the present case, there is still a legal controversy in existence and, if we chose to resolve it, it is simply not true that there would be "no relief that this court could afford." James A. Keller, Inc. v. Flaherty (1991),74 Ohio App.3d 788, 791, 600 N.E.2d 736.
 {¶ 24} Furthermore, I do not share the majority's view that if we rendered a decision on the merits it would be impossible for this court to grant the Board of Zoning Appeals any effectual relief. To the contrary, should this court reverse the judgment of the court of common pleas, action may be taken pursuant to R.C. Chapter 303 to remedy what would essentially be a zoning violation.
 {¶ 25} In applying the mootness doctrine, the majority relies on a line of cases from the Ninth Appellate District in which construction was completed during the pendency of an appeal involving a challenge to some predicate to the legality of the construction. In that line of cases, the Ninth Appellate District held that if construction has commenced and/or concluded by the time the case is submitted on appeal, the underlying legal issues are moot.
 {¶ 26} I believe that the Sixth Appellate District employed a better treatment of such a situation in Roberts v. Put-in-BayPlanning Comm. (July 15, 1994), 6th Dist. No. 930 TO 40. In that case, construction was completed before an appeal of a grant of a variance for such construction reached the court of common pleas. The court of common pleas dismissed the appeal, finding the same was moot.
 {¶ 27} The Roberts court relied on the "without the fault of either party" language of Miner, supra, and the holding of the Supreme Court of Ohio in Tschantz v. Ferguson (1991),57 Ohio St.3d 131, 133, 566 N.E.2d 655, that only an "outside event" (that is, an occurrence not due to any action or inaction of either party to the litigation) can render an appeal moot. TheRoberts court concluded that a case "may not be rendered moot as a result of the fault of a party to the litigation."Roberts, 1994 Ohio App. LEXIS 3115, at *8.
 {¶ 28} The court in Roberts determined that it was the planning commission's failure to issue a stop-work order, and not an "outside event" that resulted in completion of the construction. Thus, the prerequisite for mootness identified inTschantz and Miner had not occurred. The Roberts court went on to note that, "the mere fact that [the builder] has completed its project does not negate the controversy between the parties and deny appellants their right to relief; i.e., a determination of whether the variance was properly granted." Ibid.
 {¶ 29} I find myself in agreement with this rationale, and I would apply the same to this case. I would thus reach the merits of the appeal. Because the majority has determined it appropriate to dismiss the appeal, I respectfully dissent.