**Application of L. B. & W. 4217; and the Application of Jones, Wilson and Ervin, d/b/a "The Club" for Beverage Dispensary License, C. K. Jones, Richard L. Wilson, and E. Wells Ervin, Appellants.**

**No. 14500.**

United States Court of Appeals
Ninth Circuit.

May 8, 1956.

E. L. Arnell, Anchorage, Alaska, for appellants.

William T. Plummer, U. S. Atty., James M. Fitzgerald, Asst. U. S. Atty., Anchorage, Alaska, for appellee.

Before ORR, LEMMON and FEE, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This is an appeal from an order denying an application for renewal of a license for authority to deal in intoxicating liquor. The applicable territorial statutes read in part as follows:

"The licenses provided for in this Act shall be issued by the Clerk of the District Court or any subdivision thereof in compliance with the order of the Court or Judge thereof duly made and entered * * *." A.C.L.A. § 35–4–12.

"At the time set for the hearing, the Court shall consider the application and any protests that may be filed against the same, and shall also hear the applicant or others appearing in connection with the matter, and give its judgment, which shall be final." A.C.L.A. § 35–4–13.

During 1953, appellants held a license issued under the then applicable statutes of Alaska. Such a license could be granted if the place of business of the applicant were not "within two hundred feet of any school building or church." A.C.L.A. § 35–4–15(3). By Chapter 116, 1953 Session Laws of the Territorial Legislature, the forbidden perimeter was extended to one quarter mile. Evidently the establishment of appellants is beyond two hundred feet, but within one quarter of a mile of a school or church. However, the amending Act provided "that a license may be re-issued for the sale of intoxicating liquor in any building in which such sale was authorized by law at a time subsequent to March 23, 1949."

In December, 1953, Wilson presented at the office of the Clerk of the District Court at Anchorage an application for renewal of the license for the year 1954, relying upon the proviso of the amending Act. But, since he accepted advice from an employee of the office, he withheld filing of the application for renewal until April 13, 1954. The judge held a hearing upon the application.

A great deal of time was spent in argument over the question of whether this was an application for a new license or for renewal of an old license and whether the court was bound by the bad advice of an employee of the Clerk's office, thus raising an estoppel. There was also a debate about the time of filing of the applications, since an unresolved confusion exists as to whether the court had before it "the application of Jones, Wilson and Ervin, which is made out on the 8th day of December, 1953, and which has never been filed" or whether "the application being considered by this Court at the time only is the application of L. C. Parnell of 'The Club'." In the end, the application was denied.

The memorandum from which appeal was apparently taken reads:

"M. O. Rendering Oral Decision

"Now at this time the Court rendered oral decision in cause No. L. B. & W. 4217, entitled In the Matter of the Application of L. C. Parnell, d/b/a The Club, at Kenai, for a Beverage Dispensary Liquor License to Expire December 31, 1954, and Denied Application, and written decision to follow.

"Entered July 2, 1954."

The notice of appeal reads:

"Notice of Appeal

"Notice is hereby given that C. K. Jones, Richard L. Wilson and E. Wells Ervin, applicants above named, hereby appeal to the United States Court of Appeals for the Ninth Circuit from the final order and opinion in this cause, said order being dated and filed on the 2nd day of July, 1954.

"This notice is dated the 30th day of July, 1954.

"/s/ E. L. Arnell

"Attorney for Applicants, Jones, Wilson and Ervin."

The minute order from which appeal is taken seems not to have been docketed, and there is grave doubt as to whether there was any formal entry thereof which constitutes this a final action by the court. However, we proceed to the question of jurisdiction of this Court, as we are required to do. There has been no motion to dismiss the appeal.

In the case entitled Bordenelli v. United States, 9 Cir., 233 F.2d 120, we held that Congress had not conferred power

upon the Territorial Legislature to saddle the courts or judges with the administrative duty of revoking liquor licenses. In the matter of licensing, the Legislature went much further than in revocation, for here an attempt was made not only to treat the licensing of persons to dispense liquor as a judicial act, but also to make the "judgment" thus pronounced appealable to this Court. But the fiat did not make either postulate true. Therefore, there is no attempt to deal with the specific problem of whether the Territorial Legislature had authority to delegate legislative or administrative duties to courts or judges.'

It will be demonstrated that the Territorial Legislature could not (1) transmute an administrative or executive function into a judicial act, (2) transform a determination of sovereign authority into a "judgment", or (3) confer upon the United States Court of Appeals for the Ninth Circuit the authority to hear an appeal from a matter which was never a "case" nor yet a "controversy."

First, we are firmly of the opinion that the function of licensing was purely administrative. The courts have generally taken this position.[1] In one of the cases in Alaska,[2] under a former statute where the city council was required to approve the license as a condition precedent to court action, it may be conceived that the function of the tribunal was one of review and was thus included in the orbit of judicial power. Thus the case might possibly be reconciled with our present holding. The paradoxical dictum there, to the effect that the authority to license must be judicial in character because the Territorial Legislature could not constitutionally have imposed administrative duties upon the courts and judges, carries its own refutation. If the action of the Territorial Legislature, by the

statute under consideration, be taken as an attempt to transmute this essentially administrative matter into a judicial action, suffice it to say the Legislature had no such competency. A statute permitting a case brought by an appropriate authority against the licensee might have accomplished such a purpose. Or review of the administrative proceeding by a court or judicial body in an appropriate manner to make it a judicial controversy could have been established by territorial law. But, when the judge denied the license here, he was acting in an executive capacity and he could not pass upon the validity of his own act judicially.

■■ The power of this Court upon an appeal does not extend "to the adjudication of" administrative or legislative issues or controversies.[3]

■ Second, this application and the denial thereof had no aspects or indicia of that which in ordinary practice is known as a judgment in court. The order was apparently not docketed, as noted above. There is no indication that the judge ever approved of it. It bears on its face a recital that there was a "written decision to follow." This was probably not one of the "final decisions" contemplated by the Act, 28 U.S.C.A. § 1291. But the Territorial Legislature went much further and stated that the court, on consideration of the application and on hearing applicant and others, shall "give its judgment, which shall be final." It would appear this was an attempt to confer power upon this Court to hear an appeal from the act of grant or denial. It has been expressly determined by this Court that the Territorial Legislature cannot authorize this Court to hear an appeal.[4] Only Congress can do that.

1. Olds v. Kirkpatrick, 183 Or. 105, 112, 191 P.2d 641; Cromwell v. Jackson, 188 Md. 8, 52 A.2d 79.

2. In re Alaska Labor Trades Ass'n, 10 Alaska 472.

3. "The Circuit Court of Appeals is a constitutional court * * * and a case or

controversy may come before it, provided it involves neither advisory nor executive action by it." Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 724, 49 S.Ct. 499, 502, 73 L.Ed. 918.

4. In a case where the Territorial Legislature by mandatory provision declared

■ As it has been determined that the granting or refusal of a license to dispense intoxicating liquor is a function of the executive or the legislative branch, the answer is clear. This Court, created under the Judicial Article of the Federal Constitution, has no power to hear and determine an appeal from an order entered in the exercise of such a function, for the reason, noted above, that our jurisdiction extends only to final decisions of a judicial character.[5]

Finally, in the case at bar there was no adverse party to the proceeding. There was an opportunity to file protests, but of what nature we are not advised by the statute. All this savors again of an administrative proceeding.

■ The judge concededly was to examine the petition and hear the petitioners and others who might appear. But an administrative body would have proceeded in the same manner. If the judge had been reviewing the act of an independent administrator even in an informal manner, the proceeding might have been judicial. No exact definition of "case" or "controversy" can be given. But it is clear this determination did not fit in either concept or category. The

suggestion has also been made that the application was moot. If it were so, that circumstance would be only an additional indication that there was no justiciable controversy.[6] Be that as it may, there were not present here "the claims of litigants brought before the courts for determination by such regular proceedings as are established by law or custom for the protection or enforcement of rights, or the prevention, redress, or punishment of wrongs." Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 723, 49 S.Ct. 499, 502, 73 L.Ed. 918. There was no "case or controversy" before the District Court of Alaska, and there is none before us.

The cause is dismissed on our own motion for lack of jurisdiction.

LEMMON, Circuit Judge (concurring).

I concur in the result.

As disclosed in the majority opinion, the liquor license applied for would have expired on December 31, 1954. This cause is therefore moot, and the case should be dismissed for that reason.

One of the Supreme Court decisions cited in the majority opinion teaches

that any violation of a direction to the Clerk as to placing names in the jury box should constitute reversible error, this Court refused to reverse a cause where a violation occurred, saying: "It is not claimed that the territorial legislation has any power to bind this court in the exercise of its appellate jurisdiction conferred upon it by the Congress of the United States." Hauptman v. United States, 9 Cir., 43 F.2d 86, 89.

5. This Court, "brought into being by the judiciary article of the Constitution, is invested with judicial power only * * *. It cannot * * * participate in the exercise of functions which are essentially legislative or administrative." Federal Radio Commission v. General Electric Co., 281 U.S. 464, 469, 50 S.Ct. 389, 390, 74 L.Ed. 969. "* * * the jurisdiction of this court and of the inferior courts of the United States ordained and established by Congress under and by virtue of the third article of the Constitution is limited to cases and controversies in such form that the judicial

power is capable of acting on them and does not extend * * * to administrative or legislative issues or controversies." Keller v. Potomac Electric Co., 261 U.S. 428, 444, 43 S.Ct. 445, 449, 67 L.Ed. 731. See also Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246.

6. The only positive ground for dismissal for mootness is that "a case or controversy" once existed but does so no longer. Here the record shows conclusively that there was never a "final order," which is essential to an appeal for any transaction in a lower court whether or not a case or controversy were present. Besides, it has been decided conclusively in Boggess on behalf of City of Fairbanks v. Berry Corporation, 9 Cir., 233 F.2d 389, that, if the proceeding to grant a license were a judicial one, the existence or absence of a right of renewal would prevent the case from becoming moot. Rattray v. Scudder, 28 Cal.2d 214, 219, 169 P.2d 371, 164 A.L.R. 1356.

that this Court should not assume jurisdiction of moot causes. In Old Colony Trust Co. v. Commissioner, 1929, 279 U. S. 716, 724, 49 S.Ct. 499, 502, 73 L.Ed. 918, Mr. Chief Justice Taft said:

"The Circuit Court of Appeals is a constitutional court under the definition of such courts as given in the Bakelite case, supra, and a case or controversy *may* come before it, *provided it involves neither advisory nor executive action by it.*" (Emphasis supplied.)

Accordingly, I find myself unable to agree with the majority that we should decide this case upon a difficult Constitutional principle, when we have *another* jurisdictional basis upon which to settle it—an issue so plain that a layman, looking at the expiration date of his license, could ascertain whether he had a case or not; so plain, in other words, that it requires no recondite Constitutional exegesis to determine it.

For the reasons fully set forth in my concurring opinion in Boggess on behalf of City of Fairbanks v. Berry Corporation, 9 Cir., 233 F.2d 389, I believe that the order below should be vacated, and the case remanded to the District Court with a direction to dismiss.