lands governing arrest are silent on the subject. 5 V.I.C. §§ 3561–3566.

In view of the finding of fact made by the district court, however, the case does not require a decision on the issue of whether a citizen can ever resist an unlawful arrest by use of reasonable force. The authority of Bad Elk v. United States, *supra,* on that issue may now be questionable in view of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L. Ed.2d 889 (1968). But even *Bad Elk* is not authority for the proposition that unreasonable force may be used in resisting an unlawful arrest. The court there stated the rule:

> "If the officer have no right to arrest, the other party might resist the illegal attempt to arrest him, using no more force than was absolutely necessary to repel the assault constituting the attempt to arrest." 177 U.S. at 535, 20 S.Ct. at 731.

The district court has found here that the first use of force was Duvergee's assault upon the officer with a knife. The applicable Virgin Islands statutes provide:

> "(a) Violence used to the person does not amount to an assault or an assault and battery:
>
> \*   \*   \*   \*   \*   \*
>
> (6) in self defense or in defense of another against unlawful violence offered to his person or property.
>
> (b) In all cases mentioned in subsection (a) of this section, where violence is permitted to effect a lawful purpose, only that degree of force must be used which is necessary to effect such purpose." 14 V.I.C. § 293.

*Cf.* 14 V.I.C. § 43. The district court found that an assault with a knife was not reasonable violence in the circumstances. The evidence on that issue must at this stage be considered in the light most favorable to the government. United States v. Anderson, 409 F.2d 836 (3d Cir. 1969); *cf.* United States v.

Carlson, 359 F.2d 592, 597 (3d Cir. 1966); United States v. Boyance, 329 F.2d 372, 374 (3d Cir. 1964) cert. denied Feldman v. United States, 377 U.S. 965, 84 S.Ct. 1645, 12 L.Ed.2d 736 (1964). Once Duvergee committed an assault by using unreasonable force he had committed at the very least a public offense, and probably a felony, in the presence of the officer. The officer was, therefore, justified in continuing his efforts to effectuate the arrest, 5 V. I.C. § 3562, and Duvergee's continued assault upon him could not be justified by any theory of self defense or reasonable resistance to unlawful arrest.

The judgment of the district court will be affirmed.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard Michael SULLIVAN, Defendant-Appellant.**

**No. 71–2529**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

March 8, 1972.

New York, 431 F.2d 409, Part I (5th Cir. 1970).

---

\* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

John Donald Wessel, Boca Raton, Fla. (Court Appointed), Fox, Brannen & Wessel, Boca Raton, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Marsha L. Lyons, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before, THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Richard Michael Sullivan appeals from a jury verdict of guilty on a two-count indictment charging violations of 18 U. S.C.A. § 2113(a) and (e). We affirm.

Sullivan first contends that repeated displays of picture spreads to

eyewitnesses of the crime were impermissibly suggestive and gave rise to a substantial likelihood of irreparable misidentification, contrary to the standards laid down in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), because upon the initial display, some of the witnesses either identified someone else or no one at all. The trouble for this contention is that the record fails to make clear how many of the witnesses who later identified Sullivan actually observed more than one photo spread containing his picture. Rather, the evidence indicates that only one witness out of the many who testified actually viewed successive photo displays containing pictures of Sullivan.

The trial judge followed the identification procedure set forth in United States v. Sutherland, 428 F.2d 1152 (5th Cir. 1970) and determined that each display standing alone was not impermissibly suggestive. We have viewed the displays and concur with this finding. Nor, in the totality of the circumstances of this case, were the successive displays impermissibly suggestive in their cumulative impact. *Cf.* United States v. Ballard, 423 F.2d 127 (5th Cir. 1970). Any proof of misidentification or hesitation in identification was properly left to the jury's consideration.

Sullivan next argues that a suitcase belonging to a co-defendant, Ansin, was erroneously admitted as evidence against him. Specifically he contends that the trial judge admitted the suitcase without an offer by the Government, and further that the suitcase was not in any way connected with him. He claims that the admission of the suitcase was extremely prejudicial to him since it contained towels with markings of cosmetic face cream, a wig, notes of plans of the robbery, and other items either used in or concerned with the robbery. Although it is true that the Government never made a formal tender of the suitcase, it is evident from the record that the Government intended to introduce the suitcase for it had taken all preliminary steps to establish a foundation for its admission. The trial judge in an effort to keep the proceedings moving, merely interposed his admissibility ruling before the Government formally tendered the suitcase. Of course the judge can't try the case for the Government, but that is not what happened here. We perceive no harmful procedural error in this ruling.

Nor do we discern any error as to the relevancy of this evidence. The co-defendant, Ansin, pled guilty and in his testimony implicated himself and Sullivan in the robbery. Ansin positively identified the suitcase and its contents and linked them with the planning and execution of the robbery. The suitcase and its contents corroborated Ansin's testimony and thus were relevant to the issues being tried.

The points of error relating to the refusal to submit certain requested instructions and the alleged restriction on cross-examination are without merit.

Sullivan's counsel maintains that the trial judge abused his discretion in denying his request for a waiver of the maximum amounts allowable to attorneys under the Criminal Justice Act, 18 U.S.C.A. § 3006A (1969), so as to permit him to recover additional compensation. We decline to reach the merits of this position, nor will we decide whether a trial judge's decision on compensation under this Act is appealable at all. Our only decision is that the correctness of such a ruling cannot be raised on the present appeal. The issues before us concern the fairness of Sullivan's trial. This appeal does not provide a forum for his appointed attorney's personal financial complaints. The judgment is

Affirmed.