**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph Stanley TODD, Defendant-**
**Appellant.**

**No. 72-3234**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 19, 1973.

York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Edward J. Winter, Jr., Miami, Fla. (Court-Appointed, but not under Act), for defendant-appellant.

Robert W. Rust, U. S. Atty., Charles Farrar, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

The appellant with two other persons was charged by a three count indictment with three offenses involving a Schedule II controlled substance, approximately 3970 amphetamine tablets, under Title 21, U.S.Code, Sections 846 and 841(a)(1), such sections being embodied in Public Law 91–513, October 27, 1970, 84 Stat. 1242, known as the Controlled Substances Act.[1]

One defendant plead guilty prior to trial and Todd went to trial before a jury with the other of his codefendants. After several witnesses had testified the two defendants on trial were permitted by the court to withdraw their pleas of not guilty and to enter pleas of guilty to Count III of the indictment, the count charging knowing and intentional distribution of the Schedule II controlled substance.[2]

---

[1]. Count I of the indictment charged conspiracy under Title 21 U.S.C., § 846 to violate Section 841(a)(1): Count II charged knowing and intentional possession of a Schedule II controlled substance, 3970 amphetamine tablets, with intent to distribute, in violation of Title 21, U.S.C., § 841(a)(1) and Title 18, U.S.C., § 2; and Count III charged knowingly and intentionally distributing the same Schedule II controlled substance, 3970 amphetamine tablets, in violation of Title 21, U.S.C., § 841(a)(1) and Title 18, U.S.C., § 2.

Since the contentions on appeal are addressed to the trial court's sentencing discretion we cite from Title 21, U.S.C., § 841(b)(1)(B), the penalty provisions of the Controlled Substances Act in the case of a controlled substance which is not a narcotic drug. Under the conspiracy charge, Count I, as well as under each of the substantive offenses, Counts II and III, since the appellant was not shown to have a similar prior conviction, the maximum punishment for each count was a term of imprisonment of not more than five years, a fine of not more than $15,000, or both. The statute also requires as an adjunct of any sentence imposing a term of imprisonment a special parole term of at least two years in addition to the term of imprisonment. Thus at the time of the change of plea, Todd's possible exposure in the event of conviction under Counts I, II and III was to 15 years imprisonment, $45,000 in fines, with at least six years' of special parole time to follow.

[2]. Counts I and II of the indictment were dismissed on the date of sentence as to Todd.

After receiving the guilty pleas to Count III the trial judge deferred sentence pending pre-sentence investigation and report. Todd's sentence, imposed some weeks later, was to confinement in the custody of the Attorney General for two years, plus a special parole term of two years.

 The sole issues [3] raised by appellant which are even arguably appealable are concerned with the sentence imposed by the trial court and with whether or not appellant's motions for post-trial relief and for medical rehabilitation and treatment at a federal treatment center should have been granted. We hold that these questions were addressed to the trial court's discretion and will not be disturbed by us on appeal. Withrow v. United States, 5 Cir. 1969, 420 F.2d 1220; Sullivan v. United States, 5 Cir. 1963, 317 F.2d 101; Beitel v. United States, 5 Cir. 1962, 306 F.2d 665. In addition, we note with approval the trial court's patient attempts—by setting further hearings and by reserving further rulings—to give full opportunity for appellant's counsel to develop facts warranting a commitment or a recommendation for treatment at Lexington, Kentucky, or a similar center for the treatment of drug addiction. Defense counsel simply never furnished any testimony, affidavits, or any indication of the defendant's addiction other than counsel's hearsay statements to the court, despite the trial court's repeated offer to hear further testimony in this respect. We view this appeal as bordering on the frivolous.

The judgment appealed from is in all respects

Affirmed.

---

3. An additional question raised which we decline to consider, is the adequacy of the fee allowed appellant's counsel as court-appointed attorney by the trial judge as compensation under Title 18, U.S.C., § 3006A(b), Criminal Justice Act. This appeal is not the appropriate vehicle for consideration of appointed counsel's financial complaints. See United States v. Sullivan, 5 Cir. 1972, 456 F.2d 1273, 1275.