**In re the Matter of Attorney's Fees and Expenses of Appointed Counsel, Nancy Ann BAKER, Appellant.**

**UNITED STATES of America, Plaintiff,**

v.

**Anita J. WALTON, Defendant.**

No. 81–1234.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 1982.

Decided Dec. 1, 1982.

Nancy Ann Baker, Auburn, Cal., for appellant.

Sanford Svetcov, Chief, Asst. U.S. Atty., San Francisco, Cal., for plaintiff.

Before WALLACE, KENNEDY and CANBY, Circuit Judges.

PER CURIAM:

This is an appeal from an award of compensation and expenses under the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A (1976) ("CJA"). Nancy Ann Baker was appointed to represent defendant Anita Walton on two felony charges tried in the District Court for the Northern District of California. Baker submitted a voucher to the district court requesting $57,468.86 in compensation and reimbursement for expenses. The district judge certified payment of $35,568.86, and that amount was approved by the chief judge of this circuit. Baker appeals the district court's order certifying less than the amount requested. She contends that the payment to her is substantially and unjustifiably less than the amounts approved for other court appointed counsel in the same case.

The threshold issue is whether the district court's order is appealable. We view the question as an open one even though this court in *United States v. Barger*, 672 F.2d 772 (9th Cir.1982), entertained an analogous appeal of a district court's refusal to certify payment of investigator's expenses under the CJA. There, however, the parties did not question the appealability of the order, and jurisdiction was simply assumed. *Id.* at 774 n. 2. Since the question of jurisdiction was neither contested nor ruled upon, we do not consider *Barger* to have established controlling precedent on the issue of appeala-

bility now before us.[1] *See Webster v. Fall,* 266 U.S. 507, 511, 45 S.Ct. 148, 149, 69 L.Ed. 411 (1925); *Sethy v. Alameda County Water District,* 545 F.2d 1157, 1159–60 (9th Cir.1976) (en banc). The Seventh Circuit, however, has directly confronted the question and has held not to be appealable a district court's refusal to certify payment of fees in excess of the maximum established by the CJA. *United States v. Smith,* 633 F.2d 739 (7th Cir.1980), *cert. denied, Rogers v. Gordon,* 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981).[2] For reasons we now set forth, we agree with the Seventh Circuit that orders of the district courts establishing the amount of attorneys fees under the CJAS are not appealable.

The provisions of the Criminal Justice Act, 18 U.S.C. § 3006A (1976), govern the payment of claims for compensation for services rendered and expenses incurred by attorneys appointed to represent federal defendants financially unable to obtain counsel. Where representation is furnished before a district court, a claim for compensation and reimbursement, supported by a sworn written statement, must be submitted to that court. Id. § 3006A(d)(4). Then, the district court "shall fix the compensation and reimbursement to be paid to the attorney ...." *Id.* The CJA limits compensation to specified maximum amounts. For representation before a district court in a felony case, the statutory maximum is $1,000 for each attorney in the case; for representation before a district court in a case involving only misdemeanors, the maximum is $400. *Id.* § 3006A(d)(2). Payments in excess of these limitations may be made, however, "for ex-

tended or complex representations whenever the court in which the representation was rendered ... certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit." *Id.* § 3006A(d)(3). The chief judge is not authorized to approve an amount greater than that certified by the court in which representation was rendered. Thus, in cases of extended or complex representation, the amount certified by the district court establishes an upper limit on the amount the chief judge of the circuit may approve. In the instant case, the district judge certified an amount in excess of the statutory maximum but less than the amount requested by Baker. The chief judge of this circuit approved the amount certified.

Except for the limited administrative review of the district court's certification by the chief judge of the circuit, the CJA makes no provision for appeal of an order for payment of attorneys' fees, and its legislative history provides no suggestion that one was intended. Our jurisdiction to entertain the present appeal must therefore arise, if at all, from 28 U.S.C. § 1291, which grants us jurisdiction over appeals "from all final decisions of the district courts." Baker contends that the district court's certification is "final" within the meaning of *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). We agree that the district court's order is "final" with regard to Baker's fees, but we cannot regard it as a "decision" of the district court within the meaning of 28 U.S.C. § 1291. That statute

1. In *In re Derickson,* 640 F.2d 946 (9th Cir. 1981), this court held that a district court's order refusing, on the jurisdictional ground of untimeliness, to certify payment of fees to court-appointed counsel was appealable. In that case, however, we expressly pointed out that we were not called upon to decide whether the certification of an actual amount was appealable. *Id.* at 948.

2. The Seventh Circuit has also held the chief judge's approval of fees under the CJA to be unreviewable by appeal. *United States v. D'Andrea,* 612 F.2d 1386, 1387–88 (7th Cir.

1980). The Eighth Circuit has entertained an appeal of a district court's fee certification without discussing the issue of appealability. *United States v. Turner,* 584 F.2d 1389 (8th Cir.1978). The Fifth Circuit has held that direct appeal of a client's conviction is not the appropriate vehicle for redress of counsel's dissatisfaction with a district court's fee certification, but has declined to determine whether the fee certification is otherwise appealable. *United States v. Todd,* 475 F.2d 757, 759 n. 3 (5th Cir.1973); *United States v. Sullivan,* 456 F.2d 1273, 1275 (5th Cir.1972).

in context necessarily refers to final decisions of a judicial character, not to administrative actions of the district judge that are essentially outside the scope of the litigative function. *In re L.B. & W. 4217,* 238 F.2d 163, 165–66, 16 Alaska 277 (9th Cir. 1956); *see Brooks v. Laws,* 208 F.2d 18, 22 (D.C.Cir.1953). We conclude that the district court's certification in the present case was such an administrative act.

An order for payment of attorneys' fees under the CJA is utterly different from the type of award of attorneys fees that is entered in favor of the prevailing party and against the losing party in certain kinds of civil litigation. *See, e.g., Manhart v. City of Los Angeles,* 652 F.2d 904 (9th Cir.1981). Those awards are rendered in an adversary context and are at least an ancillary subject of the principal litigation itself. When final or embodied in a final judgment, such awards are routinely appealable. *See, e.g., id.; Harmon v. San Diego County,* 664 F.2d 770 (9th Cir.1981). Payment of attorneys' fees to court-appointed counsel under the CJA, on the other hand, does not depend on the outcome of the litigation. Nor is it rendered in an adversary context, as the procedures for payment make clear.

The CJA requires court-appointed counsel to file a claim in the form of a sworn written statement enumerating the services rendered, the time expended in and out of court, and the expenses incurred in the course of representation. 18 U.S.C. § 3006A(d)(4). The district judge is then authorized, without any additional procedural requirements, to "fix the compensation and reimbursement to be paid." *Id.* The request for payment need not be served on the United States in its capacity as a party to the case, nor is the district court required to notify the United States upon receipt of a request. The absence of such notice is not surprising, because the duty of

payment arises not from the litigation but from the independent provisions of the CJA, and it is in a sense fortuitous that the payment comes from the same treasury that funds the prosecution. Similarly, no adversary hearing is provided or contemplated; the district judge simply certifies the amount to be paid on the basis of the written application and his own judgment of the reasonableness of the fees. If the amount he authorizes exceeds the statutory maximum, his determination is submitted to the chief judge of the circuit for approval, again without notice to the United States or an opportunity for it to oppose the request.

These nonadversarial procedures established by the CJA convince us that the district judge's certification of attorneys' fees is an administrative act, *see In re L.B. & W. 4217,* 238 F.2d 163, 166, 16 Alaska 277 (9th Cir.1956); *In re Jacobi,* 217 F.2d 668, 669 (D.C.Cir.1954); *Brooks v. Laws,* 208 F.2d 18, 22–23 (D.C.Cir.1953), and is consequently not one of the "final decisions" rendered appealable by 28 U.S.C. § 1291.[3] *See In re L.B. & W. 4217,* 238 F.2d at 165. We therefore lack power to review the certification by appeal. *Id.; Boggess v. Berry Corporation,* 233 F.2d 389, 392, 16 Alaska 256 (9th Cir.1956) (dictum).

The appeal is DISMISSED.

---

**3.** Our conclusion is buttressed by the fact that this attempted appeal comes to us in a non-adversary context that renders considered decision of the merits difficult; the United States has not appeared as appellee, probably because the CJA excluded it from any part in the certification process in district court. The appeal itself is not taken by a party to contest any ruling or occurrence in the trial record; it is taken by a party's attorney to contest a subsequent ex parte fee certification.