UNITED STATES of America, Appellee,

v.

Yvonne **MELENDEZ–CARRION**, Hilton **Fernandez-Diamante, Luis Alfredo Colon Osorio, Filiberto Ojeda Rios, Orlando Gonzales Claudio, Elias Samuel Castro-Ramos and Juan Enrique Segarra Palmer, Defendants-Appellants.**

Dockets 85–1431 to 85–1444, 85–1453, 86–1011 and 86–1031.

United States Court of Appeals, Second Circuit.

Oct. 21, 1986.

Certiorari Dismissed Nov. 26, 1986.
See 107 S.Ct. 562.

JON O. NEWMAN, Circuit Judge:

Pending before me are applications for compensation and reimbursement of expenses by seven attorneys in connection with a pretrial appeal of orders for preventive detention. *See United States v. Melendez-Carrion*, 790 F.2d 984 (2d Cir.1986). The applications have been submitted for decision by a single judge of the panel that heard the appeal, 2d Cir.R. 27(f), a decision that has been characterized as an administrative act. *See In re Baker*, 693 F.2d 925, 927 (7th Cir.1982) (collecting cases). The applications merit a brief written ruling because the issue they raise—duplication of time charges and printing expenses in multi-defendant appeals—is likely to recur in future cases.

The Criminal Justice Act establishes a maximum payment for attorney compensation for an appeal of $2,000 for each attorney. 18 U.S.C. § 3006A(d)(2) (1982). The Act also provides for waiver of this maximum "for extended or complex representation" if "the amount of the excess payment is necessary to provide fair compensation" and "the payment is approved by the chief judge of the circuit." *Id.* § 3006A(d)(3). The pending applications seek a total of $37,491.04, of which $23,329 is for compensation of attorneys, primarily for their out-of-court time. The bulk of the sums sought for reimbursement of expenses is for the cost of reproducing briefs and appendices. Each attorney seeks payment in excess of the statutory maximum.

The appeal unquestionably involved a new and important issue, presenting the first appellate challenge in this Circuit to the constitutionality of the recently enacted statute permitting pretrial detention without bail on grounds of dangerousness. 18 U.S.C. § 3142(e) (Supp. III 1985). Counsel were entitled to devote more time to this matter than might be expected of a normal pretrial appeal challenging the denial or terms of bail. Moreover, the appeals presented a variety of issues, some peculiar to each defendant, in addition to the constitutional challenge to preventive detention.

Despite the importance of the issues presented, it is evident that the time incurred by most of the attorneys is not appropriate for compensation to the extent of their requests. The task of briefing the constitutional issue on behalf of all the defendants was assigned, by agreement of counsel, to William Kunstler, Esq., who filed a joint brief with respect to the constitutional issue and an individual brief with respect to the other issues pertinent only to his client. Despite this double assignment, Attorney Kunstler submitted the lowest claim for out-of-court time, $2,160. One other attorney seeks payment of $2,420 for out-of-court time. All of the other attorneys seek sums in excess of $3,000 for out-of-court time. P. Spencer Clapp, Esq. seeks out-of-court compensation of $8,600. Despite the cooperation among counsel to have one lawyer brief the constitutional issue on behalf of all defendants, the briefs reflect considerable overlap on other matters. Though each lawyer is entitled to devote reasonable time to briefing the issues peculiar to his or her client, counsel in multi-defendant appeals should be expected to cooperate to avoid duplicative expenditures of time so that the drain on limited public funds is minimized.

In this instance, there does not appear sufficient justification for allowing any counsel more than $2,500 compensation for out-of-court time.

The claims for expense reimbursement also present an issue of duplication.

Six counsel submitted appendices in addition to the appendices submitted by the United States and by the public defender for the District of Connecticut, who represented an eighth defendant. These appendices contain duplication of many materials, including indictments and rulings of the District Court. Since counsel have already paid these expenses and did so in good faith, reimbursement for all costs of reproducing briefs and appendices will be allowed. However, counsel in this case and the bar generally should be on notice that henceforth costs of reproducing appendices in multi-defendant appeals will not be reimbursed to the extent that the same document or the same pages of transcript are reproduced by more than one lawyer. Normally, the problem will be avoided by submission of a single joint appendix, as contemplated by the appellate rules. Fed.R. App.P. 30(b). *See Alger v. Hayes*, 452 F.2d 841, 845 (8th Cir.1972).

■ One additional claim for expenses reimbursement requires comment. One of the lawyers, Michael E. Deutsch, Esq., practices in Chicago, Illinois. When he appeared in the District Court at Hartford and sought to be appointed to represent defendant Orlando Gonzales Claudio, the District Court made it clear that Deutsch would not be appointed if he was going to claim travel expenses from Chicago in connection with his representation of Gonzales Claudio. Deutsch assured the District Judge that he "would be willing to waive whatever extra expenses there are as a result of the fact that I am from Chicago, and not the District of Connecticut." Transcript of hearing, December 13, 1985, at 40. On the basis of that representation, Deutsch was appointed. Notwithstanding that explicit waiver of any claim for travel expenses from Chicago, Deutsch has included a claim for round-trip air fare from Chicago to New York City for the argument of the bail appeal. That sum will be disallowed. Any further attempt to claim payment for expenses in connection with travel from Chicago will place at risk all subsequent claims for payment of fees and expenses.

The applications submitted by all counsel except Attys. Kunstler and Kuby, which are approved in full, will be adjusted to reflect the rulings herein made.