UNITED STATES of America, Appellee,

v.

Yvonne MELENDEZ–CARRION, Defendant-Appellant.

Docket No. 85–1431.

United States Court of Appeals, Second Circuit.

Feb. 10, 1987.

Before FEINBERG, Chief Judge, TIMBERS and NEWMAN, Circuit Judges.

FEINBERG, Chief Judge:

Yvonne Melendez-Carrion petitions for review of a decision of Judge Jon O. Newman of this court that reduced the compensation sought by her counsel for legal ser-

vices performed in this court under the Criminal Justice Act (the Act), 18 U.S.C. § 3006A. For convenience, Ms. Melendez-Carrion's counsel will be treated as petitioner. Petitioner's request for compensation was submitted to Judge Newman under our Local Rule § 27(f), which lists various motions to be determined by a single judge, including a motion "for allowance of compensation and expenses" under the Act. Although the Local Rule does not so provide explicitly, our practice has been to submit such an application to the junior active judge of the panel that heard the appeal, which in this case consisted of the writer, Judge William H. Timbers and Judge Newman. The panel's decision on the appeal is reported as *United States v. Melendez-Carrion*, 790 F.2d 984 (2d Cir. 1986) (Melendez-Carrion I). Judge Newman's decision on the fee application was issued thereafter. *United States v. Melendez-Carrion*, 804 F.2d 7 (2d Cir.1986) (Melendez-Carrion II).

Judge Newman's decision was an administrative rather than a judicial act. See *In re Baker*, 693 F.2d 925, 927 (9th Cir.1982) (per curiam). Petitioner's attempt to obtain review by a panel of the court of that decision raises issues that are apparently matters of first impression in this circuit. The Act does set forth the procedure for obtaining a waiver of the maximum of $2,000, 18 U.S.C. § 3006A(d)(2), as compensation for services rendered in connection with an appeal. In that situation, the Act provides that payment in excess of this maximum may be made "for extended or complex representation whenever the court in which the representation was rendered ... certifies that the amount of the excess payment is necessary to provide fair compensation" and "the payment is approved by the chief judge of the circuit." *Id.* § 3006A(d)(3). Such review by the chief judge, however, is limited. The chief judge can either approve the compensation already fixed by "the court in which the representation was rendered" or lower that compensation, but cannot increase the amount awarded. See *In re Gross*, 704 F.2d 670 (2d Cir.1983). Indeed, in this case that process has already taken place.

█ The petition here, however, does not involve a review by the chief judge as part of the two-step process for obtaining a waiver of the maximum. Rather, petitioner maintains that the initial fixing of compensation by "the court in which the representation was rendered," was inadequate. That court—in this case, the court of appeals—ordinarily acts through panels. The system whereby the junior active judge on the panel fixes compensation under the Act is not required by the Act. The procedure is an internal one of our own making. We could, if we so chose, have the entire panel that heard the appeal determine an attorney's compensation in the first instance. For reasons of efficiency and speed, we have chosen to delegate that function to one member of the panel. When there is an objection, however, to the fee set by that judge, the Act offers no bar to consideration by the full panel.

Prudential considerations support this result. It is theoretically possible, of course, to conclude that no review is available at all to obtain an increase in compensation. But we ordinarily allow review of disposition of a motion by a single judge to go to a panel of three judges. That panel ordinarily includes the judge who initially ruled on the motion in all instances where the motion concerns a case already placed on the court's calendar. Such cases have been assigned to a panel, and the clerk's office submits the motion either to the presiding judge of the panel or the junior active judge of the panel, depending on the nature of the motion. A claim for review of a one-judge ruling on a motion for attorney's fees would seem especially appropriate for consideration by the members of the panel that decided the appeal since they are already in a position to assess the value of the attorney's efforts. Full review by the chief judge alone seems, as indicated above, inconsistent with the statutory scheme. Review by the full court sitting in banc, which petitioner also seeks here, seems inappropriate as well. As already

782

indicated, the issue before us does not concern a judicial act. Even if it did, in banc hearings are not favored; compensation issues are usually not "of exceptional importance," and consideration by the full court is usually not "necessary to secure or maintain uniformity of its decisions." Fed.R. App.P. 35(a). Reported cases on this issue are scarce. However, at least two other circuits have held that an appeal from a decision of one circuit judge regarding compensation under the Act can be brought to the panel that heard the appeal. *United States v. Lynch*, 690 F.2d 213 (D.C.Cir. 1982); *United States v. D'Andrea*, 612 F.2d 1386 (7th Cir.1980). Accordingly, we conclude that petitioner's request for an increase in compensation should be considered by this panel on the merits.

■ As is frequently the case, the decision on the merits requires less discussion than the decision on jurisdiction. Petitioner originally sought out-of-court compensation of $8,600. His application was one of seven seeking compensation and reimbursement of expenses in connection with a pretrial appeal of orders for preventive detention. See *Melendez-Carrion I*. The task of briefing the constitutionality of the recently enacted statute permitting pretrial detention without bail on the ground of dangerousness, 18 U.S.C. § 3142(e), was assigned, by agreement of counsel, to one attorney, who filed a joint brief on the constitutional issue and an individual brief on issues pertinent only to his client. Despite this double assignment, that attorney submitted the lowest claim for out-of-court time, $2,160. Five of the other six attorneys sought sums in excess of $3,000 for out-of-court time, and petitioner sought $8,600. *Melendez-Carrion II*, 804 F.2d at 8.

In acting on petitioner's application, Judge Newman noted that despite the cooperation among counsel on the constitutional issue, the briefs reflected "considerable overlap" on other matters. *Id.* Pointing out that "counsel in multi-defendant appeals

should ... avoid duplicative expenditures of time" to minimize "the drain on limited public funds," Judge Newman concluded that there was not "sufficient justification for allowing any counsel"—including petitioner—"more than $2,500 compensation for out-of-court time." *Id.* Petitioner argues that he did not receive an individual determination of the merits of his application, and that he is entitled to more compensation than co-counsel because of the greater work that he performed. We have carefully considered petitioner's request for review, and the briefs filed in connection with the appeals in *Melendez-Carrion I*. While it may be that petitioner's lengthier brief and fuller development of certain issues entitled him to more compensation than some of the other attorneys, it does not follow that he should be awarded more than $2,500. We agree with Judge Newman's initial determination that the sum of $2,500 is fair compensation for petitioner's efforts.

The prior determination with regard to petitioner's fee application is affirmed.[1]

---

1. Petitioner's request for review was styled as a request for rehearing and a suggestion for rehearing in banc. We have transmitted this opinion and the suggestion for rehearing in banc to the judges of the court in regular active service and no such judge has requested that a vote be taken thereon.