Jennifer L. LASTER; Andrew Thompson; Elizabeth Voorhies, on behalf of themselves and all others similarly situated and on behalf of the general public, Plaintiffs—Appellees,

v.

T–MOBILE USA, INC.; Omnipoint Communications, Inc., a Delaware corporation dba T–Mobile, Defendants—Appellants,

and

Verizon Communications, Inc., a Delaware corporation; Cellco Partnership, a Delaware corporation dba Verizon Wireless; Verizon Wireless (VAW) LLC, a Delaware limited liability company, dba Verizon Wireless; Airtouch Cellular, a Delaware limited

liability company, dba Verizon Wireless; Cingular Wireless LLC, a Delaware limited liability company; Go Wireless, a California corporation; New Cingular Wireless PCS, dba Cingular Wireless, Defendants.

No. 06–55010.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2007 *.

Filed Oct. 25, 2007.

Matthew B. Butler, Esq., Nicholas & Butler LLP, San Diego, CA, for Plaintiffs–Appellees.

William N. Kammer, Esq., Alison Lee Pivonka, Esq., Solomon, Ward, Seidenwurm & Smith, Kelly Twiss Noonan, Esq., San Diego, CA, Michael McGinn, James C. Grant, Esq., Shelley M. Hall, Esq., Stokes Lawrence, PS, Seattle, WA, for Defendants–Appellants.

Shont E. Miller, Esq., Munger Tolles & Olson, LLP, Jesse M. Jauregui, Esq., Michele A. Powers, Esq., Scott J. Leipzig, Esq., Weston Benshoof Rochefort Rubalcava & Maccuish, Los Angeles, CA, Donald M. Falk, Esq., Mayer Brown Rowe & Maw, LLP, Palo Alto, CA, Steven T. Coopersmith, Esq., Duckor & Spradling, San Diego, CA, for Defendants.

Before: PREGERSON, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM **

T–Mobile USA, Inc., Omnipoint Communications, Inc., and TMO CA/NV, LLC (collectively, "Appellants") appeal from the district court's order denying their motion to compel arbitration. We affirm.

Although Appellants argue that their arbitration provision is not procedurally or substantively unconscionable under California law, the Appellants' agreement—which requires customers to waive class action and bring claims only in an individual capacity—is not substantively distinguishable from the Cingular arbitration agreement this court held unconscionable

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

in *Shroyer v. New Cingular Wireless Servs., Inc.,* 498 F.3d 976, 983–988 (9th Cir.2007).

Appellants argue their agreement is not procedurally unconscionable because customers accepted the arrangement from the outset and could have elected a different mobile phone company; however, this court specifically rejected the "marketplace alternatives" rationale in *Shroyer, id.* at 985–86, and California courts have done the same, *Gatton v. T-Mobile USA, Inc.,* 152 Cal.App.4th 571, 582–85, 61 Cal. Rptr.3d 344 (2007).

*Shroyer* also expressly and conclusively rejected the argument that California law is preempted by the Federal Arbitration Act ("FAA"), 498 F.3d 976, 986–993, and we lack the authority to revisit the decision of a prior three-judge panel. *Miller v. Gammie,* 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc). Appellants' attempts to circumvent this rule are unavailing, as this is not a case where the prior panel simply assumed California law applied without discussing the preemptive effect of the FAA. *Cf. Sakamoto v. Duty Free Shoppers, Ltd.,* 764 F.2d 1285, 1288 (9th Cir. 1985) (prior panel assumed Commerce Clause applied to Guam without discussing the issue); *Matter of Baker,* 693 F.2d 925, 925–26 (9th Cir.1982) (prior panel exercised jurisdiction and parties did not contest the issue). Even if *Shroyer* did not address the specific arguments Appellants would like to make, there is no doubt that it clearly and explicitly ruled on the contested preemption issue.

AFFIRMED.