Charles **FORD**; Debra Szalanski; Carol Fox de Stefano; David Haslet; Gerald Schuck, individually, and on behalf other persons similarly situated and general public, Plaintiffs—Appellees,

v.

**VERISIGN, INC.**; Jamster!; Jamba!; AT&T Wireless Services, Inc.; Cingular Wireless; New Cingular Wireless Services, Inc., Defendants,

and

**T–Mobile USA, Inc., Defendant— Appellant.**

Charles Ford; Debra Szalanski; Carol Fox de Stefano; David Haslet; Gerald Schuck, individually, and on behalf of other persons similarly situated and the general public, Plaintiffs—Appellees,

v.

Verisign, Inc.; Jamster!, Defendants—Appellants,

and

Jamba!; T–Mobile USA, Inc.; AT&T Wireless Services, Inc.; Cingular Wireless; New Cingular Wireless Services, Inc., Defendants.

No. 06–55082, 06–55118.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2007.*

Filed Oct. 25, 2007.

Robert Walter Thompson, Esq., Kathleen Hartman, Esq., Charles S. Russell, Esq., Callahan, McCune & Willis, Tustin, CA, for Charles Ford, Debra Szalanski, Carol Fox de Stefano, David Haslet, Gerald Schuck.

Sean O. Morris, Esq., Arnold & Porter, LLP, Los Angeles, CA, for Verisign, Inc., Jamster!, Jamba!.

William N. Kammer, Esq., Alison Lee Pivonka, Esq., Solomon, Ward, Seidenwurm & Smith, San Diego, CA, Kelly Twiss Noonan, Esq., James C. Grant, Esq., Carl J. Marquart, Esq., Stokes Lawrence, PS, Seattle, WA, for T–Mobile USA, Inc.

Kristen Hicks Spira, McNamara Spira and Smith, Los Angeles, CA, for AT&T Wireless Services, Inc., Cingular Wireless, New Cingular Wireless Services, Inc.

---

* The panel unanimously finds these cases suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM **

T–Mobile USA, Inc., Verisign, Inc., and Jamster! (collectively, "Appellants") appeal from the district court's order denying their motion to compel arbitration. We affirm.

■ Although Appellants argue that their arbitration provision is not procedurally or substantively unconscionable under California law, the Appellants' agreement—which requires customers to waive class action and bring claims only in an individual capacity—is not substantively distinguishable from the Cingular arbitration agreement this court held unconscionable in *Shroyer v. New Cingular Wireless Servs., Inc.*, 498 F.3d 976, 983–88 (9th Cir. 2007).

Appellants argue their agreement is not procedurally unconscionable because customers accepted the arrangement from the outset and could have elected a different mobile phone company; however, this court specifically rejected the "marketplace alternatives" rationale in *Shroyer, id.* at 985–86, and California courts have done the same, *Gatton v. T–Mobile USA, Inc.*, 152 Cal.App.4th 571, 582–85, 61 Cal. Rptr.3d 344 (2007).

■ *Shroyer* also expressly and conclusively rejected the argument that California law is preempted by the Federal Arbitration Act ("FAA"), 498 F.3d 976, 986–93,

and we lack the authority to revisit the decision of a prior three–judge panel. *Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir.2003) (en banc). Appellants' attempts to circumvent this rule are unavailing, as this is not a case where the prior panel simply assumed California law applied without discussing the preemptive effect of the FAA. *Cf. Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir.1985) (prior panel assumed Commerce Clause applied to Guam without discussing the issue); *Matter of Baker*, 693 F.2d 925, 925–26 (9th Cir.1982) (prior panel exercised jurisdiction and parties did not contest the issue). Even if *Shroyer* did not address the specific arguments Appellants would like to make, there is no doubt that it clearly and explicitly ruled on the contested preemption issue.[1]

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. We construe Appellee's letter of September 27, 2007, as a motion to strike T–Mobile's

letter brief addressing *Shroyer* and hereby deny it as moot.

