**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ELOY MASCORRO,

      Plaintiff - Appellant,

v.

CITY OF SAN DIEGO; POLICE
OFFICER, Officers 1-4; SAN DIEGO
POLICE DEPARTMENT; SAN DIEGO
CHIEF OF POLICE,

      Defendants - Appellees.

No. 24-2368

D.C. No.
3:21-cv-01725-RSH-DDL

MEMORANDUM*

---

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Submitted April 22, 2025**

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Eloy Mascorro appeals pro se from the district court's order dismissing his

42 U.S.C. § 1983 action alleging constitutional violations. We have jurisdiction

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to serve under Federal Rule of Civil Procedure 4(m). *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We vacate and remand.

The district court dismissed Mascorro's action because Mascorro had not shown good cause for his failure to serve defendants. Specifically, the district court considered whether Mascorro's second attempt to serve defendant on April 17, 2023, was adequate and determined that Mascorro failed to show good cause for his failure to serve. However, the record indicates that Mascorro attempted to serve the City of San Diego over a year earlier, on March 18, 2022, but the U.S. Marshal failed to effect service. Because Mascorro was entitled to rely on the U.S. Marshal for service and demonstrated that he provided the necessary information, we vacate the dismissal order and remand for further proceedings. *See Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (holding that "plaintiff should not be penalized by having his . . . action dismissed for failure to effect service where the U.S. Marshal . . . has failed to perform the duties required . . . under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure"). On remand, the district court should forward a copy of Form 285 filed on March 18, 2022, a copy of the summons, and a copy of the complaint to the U.S. Marshal for service on the City of San Diego.

We lack jurisdiction to review restrictions on Mascorro's in-person access to

the Southern District of California courthouse because they are administrative actions outside the scope of the litigation function. *See In re Application for Exemption from Elec. Pub. Access Fees by Jennifer Gollan & Shane Shifflett*, 728 F.3d 1033, 1039-40 (9th Cir. 2013) (distinguishing between judicial and administrative decisions); *see also Matter of Baker*, 693 F.2d 925, 926-27 (9th Cir. 1982) (explaining that 28 U.S.C. § 1291 "necessarily refers to final decisions of a judicial character, not to administrative actions of the district judge that are essentially outside the scope of the litigative function"). Mascorro's request that he be allowed to access the courthouse without government identification is denied without prejudice to renewal in the district court.

Mascorro's motions to expedite the appeal (Docket Entry Nos. 15, 16) are denied as moot. All other pending requests are denied.

**VACATED and REMANDED**.